STATE v. RICHARD C. BELLCOURT.

196 N. W. 2d 610.

April 14, 1972—No. 42981.

---

*C. Paul Jones,* State Public Defender, and *Mollie Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Murphy, Peterson, Kelly, and Nelson, JJ.

PER CURIAM.

Defendant appeals from a judgment of conviction for aggravated robbery contending (1) that the evidence was not sufficient to support the jury's finding of guilt and (2) that the failure of the state to prosecute him for more than a year after the offense deprived him of his constitutional rights to due process and a speedy trial. We discuss only the latter claim, for the evidence adequately supports the jury's verdict of guilt.

The crime was committed by two Indian males on April 25, 1969, a date on which the victim was in the process of moving from Minneapolis to Grand Rapids, Minnesota, from where he thereafter moved to California. He returned to Minneapolis in April 1970 and contacted the Minneapolis Police Department to ascertain the status of the criminal investigation. Detective Patrick Hartigan was thereupon assigned to renew the investigation. During the course of investigation Hartigan, who is represented to have a special rapport in the city's Indian community, obtained a tip from an informant. Hartigan twice submitted photographs of several Indian males to defendant, and from each group the victim positively identified defendant as one of the two assaultive robbers. Defendant was then arrested and tried.

The record does not affirmatively account for the delay in assigning Hartigan to the investigation, but neither is there any indication whatever that defendant's identity as a suspect was previously known to the police or that their delay had any ulterior purpose prejudicial to defendant.

We stated in State v. Robinson, 262 Minn. 79, 88, 114 N. W. 2d 737, 743, certiorari denied, 371 U. S. 815, 83 S. Ct. 26, 9 L. ed. 2d 56 (1962), that "[o]rdinarily, the constitutional protection of a speedy trial envelops defendant only from the time he is taken into custody and indicates to the court that he is prepared to go forward." This is the prevailing view among most Federal courts of appeal that have considered the question: Terlikowski v. United States, 379 F. 2d 501, 503 (8 Cir. 1967); Foley v. United States, 290 F. 2d 562, 565 (8 Cir. 1961); Venus v. United States, 287 F. 2d 304, 307 (9 Cir. 1960), reversed with instructions to dismiss indictment on other grounds, 368 U. S. 345, 82 S. Ct. 384 (1961); Iva

Ikuko Toguri D'Aquino v. United States, 192 F. 2d 338, 350 (9 Cir. 1951), certiorari denied, 343 U. S. 935, 72 S. Ct. 772, 96 L. ed. 1343 (1952). Only the Court of Appeals for the District of Columbia has expressed a contrary view. Mann v. United States, 113 App. D. C. 27, 29, note 4, 304 F. 2d 394, 396, certiorari denied, 371 U. S. 896, 83 S. Ct. 194, 9 L. ed. 2d 127 (1962); and Ross v. United States, 121 App. D. C. 233, 349 F. 2d 210 (1965); but cf., Nickens v. United States, 116 App. D. C. 338, 323 F. 2d 808 (1963).

The claim of defendant in this case is that the delay of over a year between the commission of the crime and his arrest and subsequent trial made it possible for the prosecution to impeach his credibility because of his vague recall of exculpatory details on the day the crime occurred, thereby prejudicing his ability to defend himself. We conclude from an examination of the record that no prejudice was demonstrated.

Affirmed.