**STATE of Minnesota, CITY OF FALCON HEIGHTS, Respondent,**

v.

**Ronald Raymond PAZDERSKI, Appellant.**

**No. CX–83–1624.**

Court of Appeals of Minnesota.

July 24, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Jerome P. Filla, White Bear Lake, for respondent.

James Ostgard, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Ronald Pazderski appeals his conviction under Minn.Stat. § 169.121, subd. 1 (Supp. 1983) for being in physical control of a motor vehicle while under the influence of alcohol. He contends that he was not in physical control of a vehicle when he was found sleeping in the front seat of his parked car in his driveway with the keys out of the ignition. We reverse.

## FACTS

Appellant lived with his girlfriend in Falcon Heights, Minnesota. Following a domestic quarrel the night of May 4, 1983, appellant drove to two neighborhood taverns and had some drinks. He returned home around midnight, and parked the car on the apron of a parking area adjacent to their detached garage. This was the normal place for appellant to park his car. Appellant's girlfriend corroborated his testimony that his car was parked properly and in the place where he would normally park for the night.

Appellant got out of his car, walked to the back door of the house, and took a couple of steps inside with the intention of going to sleep. As he was a few steps inside his home, he thought it best for him to avoid a potential argument with his girlfriend and decided to go back outside and sleep in his car that night. He locked the back door (including the dead bolt) to the house, returned to his car, stretched out on the front seat and fell asleep.

A few hours later, appellant's girlfriend awoke. From a window she saw appellant's car but since she did not see appel-

lant she became concerned and called the police. At approximately 3:00 a.m. an officer arrived in response to a report of a suspicious vehicle. He found appellant sleeping in the front seat, sitting in the driver's side with his head over towards the passenger side. The car was not running, and the keys were not in the ignition. There was no evidence that the car had been driven recently. Further, no facts in the record supported any inference other than that appellant had been soundly sleeping and had the intention of sleeping the rest of the night there as he claimed. Appellant testified that he had previous experience sleeping nights in his car during hunting trips. The officer woke appellant and after making the usual observations (unsteady walk, bloodshot eyes, strong odor of alcohol on his breath), arrested appellant for being in physical control of a vehicle while under the influence pursuant to M.S. 169.121 Subd. 1(d).

The parties stipulated that a subsequent breath test obtained a reading of .17 percent blood alcohol concentration and appellant waived his right to a jury trial.

## ISSUE

Did appellant have physical control of a motor vehicle within the meaning of Minn. Stat. § 169.121, subd. 1.

## ANALYSIS

■ It is settled that our laws prohibiting a person from driving while intoxicated are liberally interpreted in favor of the public interest and against the private interest of the driver involved. *State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). The 1978 deletion of the adjective "actual" from the requirement that a driver be in "actual physical control" is evidence the legislature intended a broad interpretation of Minn.Stat. § 169.121, subd. 1. *Id.*

■ Minn.Stat. § 169.121, subd. 1 applies to physical control of motor vehicles on private property. *Schafer v. Commissioner of Public Safety*, 348 N.W.2d 365 (Minn.Ct.App.1984). Thus the only question here is whether appellant, by getting back in his car to sleep, was in physical control of his car within the meaning of the statute.

■ In examining the record, it is important to keep in mind that the case before us involves a criminal conviction for a violation of Minn.Stat. § 169.121, subd. 1, "drunken driving," and the standard of proof in misdemeanor cases is proof beyond a reasonable doubt. This case does not come before us involving Minn.Stat. § 169.123 (1982), "implied consent," which is a civil and remedial statute with the lesser burden of proof on the state of "a fair preponderance of the evidence." Although the phrase "in physical control of a motor vehicle" is the same in both statutes, the burden of proof the state must carry is greater for the charge of drunken driving.

Appellant was initially charged and went to trial on Minn.Stat. 169.121, subd. 1(a) (under the influence of alcohol) and Minn. Stat. 169.121, subd. 1(d) (alcohol concentration of .10 or more). The trial court record is unclear about whether appellant was convicted under subdivision 1(a) or (d). The parties had stipulated that the breath test had been legally administered and resulted in a reading of .17. The proof at trial logically dictated a finding of guilty under subdivision 1(d), yet the trial court's findings stated "the court hereby finds the defendant guilty of being in actual physical control of a motor vehicle while under the influence" without specifying subdivision 1(a) or 1(d). Although the words used by the trial court fit more closely with 1(a), the proof fits more closely with 1(d). However, the subdivision is unimportant to our decision because the parties stipulated the only issue for determination is whether the defendant is guilty of being in physical control of the motor vehicle within the meaning of the statute.

We discussed the physical control requirement in *State v. Thurmer*, 348 N.W.2d 776, 778–79 (Minn.Ct.App.1984). In *Thurmer*, the defendant's car was in a snow-filled ditch off a county road. The

keys were in the ignition, the defendant was found asleep and the defendant said he drove the car there. In analyzing relevant case law, we determined that the evidence in *Thurmer* supported the conclusion that defendant was in physical control of the car.

■ The purpose behind Minn.Stat. § 169.121, subd. 1 is to deter drunken individuals from "getting into their vehicles *except as passengers.*" (emphasis added). *Id.* at 778; *Juncewski*, 308 N.W.2d at 320. We must determine whether the policy concerns of Minn.Stat. § 169.121, subd. 1 are served by finding the appellant was in physical control of his car within the meaning of the statute. In *Juncewski*, defendant was found slumped over the steering wheel. The vehicle was parked on the side of a county road, and the key was in the ignition.

■ Here appellant was found asleep in his car on the property in which he lived. The key was not in the ignition, the engine was not running and there were no devices of the car operating. This case is distinguishable from *Juncewski*, *Thurmer*, and *Bielejeski v. Commissioner of Public Safety*, 351 N.W.2d 664 (Minn.Ct.App. 1984). In *Bielejeski*, appellant's car was found 15 feet off the road in a ditch in front of another residence, the engine was running and the keys were in the ignition. The above cited cases have common threads running through them such as 1) the motor running; or 2) keys in the ignition; or 3) cars parked or stalled on or near the roadway; or 4) cars parked in some predicament such as a ditch, swamp or snow bank, indicating to the officer arriving on the scene that the driver had recently put the vehicle there through erratic driving. The only similarity between appellant's facts and all of the above cases and the cases cited within them is that appellant was in the front seat of his car.

Being in the front seat alone, without more, is insufficient to uphold this conviction. *Juncewski*, cited above, indicates the purpose behind Minn.Stat. 169.121, subd. 1,

is to deter drunken drivers from getting into their vehicles *except as passengers.*

It is true that physical control of a vehicle may be established by circumstantial evidence. *State v. Schuler*, 243 N.W.2d 367, 370 (N.D.1976). However, the facts in this case do not support the conclusion that appellant exercised the necessary physical control. Conviction in this case would serve no purpose related to the statute because appellant had arrived home, had slept for about three hours, and had no intention of restarting the vehicle and/or driving any place else. "[T]he 'actual physical control' offense is a preventive measure intended to deter the drunken driver. One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on the highway, even for a short distance, where his life and the lives of others hang in the balance." *Juncewski*, 308 N.W.2d at 320, quoting *State v. Ghylin*, 250 N.W.2d 252, 255 (N.D.1977).

*Schuler* and *Juncewski* are relevant to those fact situations where a drinking driver is found somewhere on a highway road or private property in a setting giving support to a fair inference that the driver was short of his intended destination and, if left alone, might restart the vehicle in an intoxicated state and continue on. Appellant here had parked his car at his own home for the evening, left his motor vehicle, entered his own home and later returned to his car, not with any intention of using or operating it as a motor vehicle but merely using it as a place to get some sleep.

Appellant's actions in driving home, parking his car, entering his home, making a rational decision to sleep elsewhere rather than risk a domestic quarrel, and choosing the front seat of his car for a bed do not support a conclusion that appellant was at or near his vehicle for purposes of operating it or controlling it. He chose his car to sleep in until morning as he might have chosen a tent or summer screen house in his back yard. The choice of his car's front seat may have been uncomfortable, but was not a criminal action. Appellant displayed a reasonable course of conduct.

His actions did not violate the public policy of strongly discouraging persons who have been drinking from endangering others by driving. Appellant's conduct showed no threat to the public safety. In this case there was no proof beyond a reasonable doubt that appellant was in physical control of his vehicle for purposes of violating Minn.Stat. § 169.121, subd. 1 (Supp.1983).

## DECISION

The appellant's conviction for being in physical control of a motor vehicle while under the influence of alcohol is reversed. The evidence is insufficient to support the trial court's conclusion that appellant was in physical control of a vehicle when he was found sleeping in the front seat of his car in his driveway, with the keys out of the ignition, the engine not running, and no other devices of the car in operation. The record supports appellant's contention, which was corroborated, that he was using the parked car solely as a bed.

Reversed.