Robert Ervin DUFRANE, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C2–84–140.

Court of Appeals of Minnesota.

Aug. 28, 1984.

**706**

Emmett D. Dowdal, White Bear Lake, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp.Asst.Attys.Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Robert Dufrane appeals the revocation of his driver's license pursuant to Minn. Stat. § 169.123 (1982) for being in physical control of a motor vehicle while under the influence of alcohol. Appellant contends that he was not in physical control of a vehicle when he was found in the front seat of a parked car with the ignition key not accessible to him. We affirm.

## FACTS

At about four a.m. one day in October, 1983, appellant was found awake and sitting behind the wheel of a parked automobile. Upon questioning, appellant told police officers that the car belonged to his wife and that he had been driving her car that night and that she had been driving his.

The police officers observed several symptoms of intoxication and concluded that the appellant was under the influence of alcohol. Appellant was then placed under arrest for being in physical control of motor vehicle while under the influence of alcohol, a violation of Minn.Stat. § 169.121 (1982). A breathalyzer test was administered at the Maplewood Police Department, disclosing a blood alcohol content of .21%.

Minn.Stat. § 169.123, subd. 4 requires that a person's driver's license be revoked upon failure of a breathalyzer test. Appellant requested a judicial review of the revocation, and a hearing was held. Appellant's wife testified that she had driven her husband to the location where he was found and left him there after removing the ignition key from his key ring. The wife did not dispute the police officer's testimony that petitioner had told her he had driven the car in question that evening. The arresting officer did not testify about the location of the ignition key. The court sustained the license revocation and appeal was taken.

## ISSUE

Did the trial court err in finding that appellant was in physical control of a motor vehicle within the meaning of Minn.Stat. § 169.123, subd. 2?

## ANALYSIS

■ Under Rule 52.01, Minn.R.Civ.P., findings of fact made by the trial court shall be set aside only if clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Northern States Power Co. v. Lyon Food Products, Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975) (*citing In re Estate of Balafas*, 293 Minn. 94, 198 N.W.2d 260 (1972)). A reviewing court will not disturb the trial court's findings of fact on appeal, even though it might not agree with them, unless they are clearly erroneous in the sense that they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole. *Id.* 304 Minn. at 201, 229 N.W.2d at 524 (*citing Preferred Risk Mutual Ins. Co. v. Anderson*, 277 Minn. 342, 152 N.W.2d 476 (1967)). Thus, this court may set aside the trial court's decision only if it finds that the evidence presented was inadequate to establish that the police officer had reasonable cause to believe appellant had been in physical control of a motor vehicle.

The trial court's conclusion that the police officer had reason to believe appellant had been in physical control of a motor vehicle implies that it chose to accept the testimony of the police officer over that of appellant's wife. Appellant's wife testified that she had driven appellant to the parking lot, whereas the police officer testified that appellant had told her *he* had been driving the car earlier that evening. Under the language of Rule 52.01, Minn.R.Civ.P., a reviewing court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. Because there is no evidence which directly contradicts the trial court's view that the police officer's testimony was more credible, it was proper for the court to make its own assessment of credibility.

■ A proceeding under the implied consent statute, Minn.Stat. § 169.123, is a civil proceeding. The state must prove its case by a preponderance of the evidence. The precise issue before the trial court was not whether petitioner was guilty of the criminal offense of drunken driving pursuant to Minn.Stat. § 169.121, a finding which could only be made upon evidence showing proof beyond a reasonable doubt, but whether the police officer had probable cause to believe petitioner was in physical control of a motor vehicle while under the influence of alcohol and was lawfully placed under arrest. The evidence needed to convince the trial court under the implied consent statute is less than that needed to convict a defendant of the criminal charge of drunken driving.

■ The legislature has manifested its intent to have "physical control" applied to the broadest possible range of conduct by deleting the adjective "actual" from the requirement in Minn.Stat. § 169.121, subd. 1, that a driver be in "actual physical control." *State Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). Physical control does not solely depend upon the location of the ignition key. The location of the key is simply a factor, with others, to consider. *State v. Ghylin*, 250 N.W.2d 252 (N.D.1977); *State v. Pazder-*

*ski*, 352 N.W.2d 85 (Minn.Ct.App.1984). We concur with the trial court in holding that appellant's upright presence in the front seat and behind the wheel of a car, plus the testimony of the police officer that appellant had told her he had been driving the car earlier, constitutes reasonable and probable grounds to believe appellant was in physical control of a motor vehicle in violation of section 169.121 (the DWI statute) as required by Minn.Stat. § 169.123, subd. 2. Likewise, appellant was lawfully placed under arrest for violation of section 169.121 because the police officer saw appellant behind the wheel and observed symptoms of intoxication, thereby sustaining the conclusion that appellant was in physical control of a motor vehicle while intoxicated. Since the arrest was lawful, the breathalyzer test was authorized, and the revocation of petitioner's driver's license was proper.

Finally, though some facts in *Pazderski* are similar to this case, we do not find that decision controlling. In *Pazderski* the car's occupant was found to be *not* in "physical control" of the vehicle when he was stretched out asleep in the front seat of his car, and the evidence corroborated his testimony that he had used the car only as a bed. There are no similar circumstances in this case. Here the trial court could reasonably have found that Dufrane had just finished driving the car, had told that to the arresting officer, and was seated behind the steering wheel in circumstances indicating physical control of the car while intoxicated. We will not disturb the trial court's assessment of the relative credibility of the witnesses.

### DECISION

The evidence produced at the implied consent hearing was sufficient to sustain the court's conclusion that appellant was in physical control of a motor vehicle when he was found behind the wheel of a car, observed to be intoxicated, and when he told police officers that he had been driving the car earlier.

Affirmed.