Thomas Paul BERNS, petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. CX–84–1097.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Timothy A. Murphy, Caledonia, for respondent.

Hubert H. Humphrey, III, State Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The Commissioner of Public Safety appeals an order of the trial court rescinding the revocation of Thomas Berns' driving privileges. Following an implied consent hearing, the trial court found Berns was not in physical control of his vehicle when he was arrested for DWI. We reverse.

## FACTS

At about 12:30 a.m. respondent Thomas Berns and a friend Michael Kearns, left Kay's Korral, a bar in Nodine, Minnesota, in Berns' car. They stopped in the middle of a two-lane gravel township road about three to four miles from Berns' home and began drinking beer.

At about 3:30 a.m. Winona County Deputy Sheriff Steven Michaelis came upon the Berns car. The car was not running although the parking lights were on. The officer saw a beer can on the dashboard and noticed two people inside the car. Berns told the officer that he left Kay's Korral at 12:30 a.m., that he had been drinking since 5:00 p.m. the previous day, and that he and Kearns had been sitting in the car drinking for some time. He also told the officer that he had driven to that

location. Two partially filled cans of beer were found under the seat.

As Deputy Michaelis approached the car the driver was sitting behind the steering wheel. The officer testified he saw the key in the ignition, although his report did not mention this fact. Berns and Kearns testified that the key was on the floor underneath Kearns' feet, on the passenger side.

The officer noticed Berns' bloodshot eyes, his odor of alcohol, and that he was very talkative. Berns failed a preliminary breath test, was arrested for DWI, and transported to the Winona County Law Enforcement Center where the Implied Consent Advisory was read to him. A subsequent breathalyzer test disclosed an alcohol concentration of .19.

The trial court found that the only evidence indicating physical control was the fact that Berns was sitting in the driver's seat. The court rescinded the revocation of Berns' driving privileges.

### ISSUE

Did the trial court err in finding that respondent was not in physical control of a motor vehicle?

### ANALYSIS

■ We are mindful that,
a reviewing court will not disturb the trial court's findings of fact on appeal, even though it might not agree with them, unless they are clearly erroneous in the sense that they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole.

*Dufrane v. Commissioner of Public Safety,* 353 N.W.2d 705 (Minn.Ct.App.1984).

■ The trial court's conclusion is clearly erroneous. Our DWI statute does not require "actual" physical control of the vehicle but only physical control. Minn.Stat. § 169.121, subd. 2 (Supp.1983). *See State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981).

The physical control needed to satisfy this requirement has been the subject of many cases. *See, e.g., Id.; Dufrane v. Commissioner of Public Safety,* 353 N.W.2d 705 (Minn.Ct.App.1984); *State v. Pazderski,* 352 N.W.2d 85 (Minn.Ct.App. 1984); *State v. Thurmer,* 348 N.W.2d 776 (Minn.Ct.App.1984). We have consistently reaffirmed the policy behind Minn.Stat. § 169.121, subd. 1, to deter drunken individuals from driving. *State v. Pazderski,* 352 N.W.2d 85 (Minn.Ct.App.1984).

Respondent was found sitting behind the wheel of his car. The parking light was on but the engine was not running. The car was parked illegally on a gravel township road a few miles from respondent's home. The driver told the officer that he drove the car from a bar and had been drinking for some time before the officer found him. Respondent appeared intoxicated to the deputy.

■ The location of the keys is not dispositive. As we recently clarified, "physical control does not solely depend upon the location of the ignition key. The location of the key is simply a factor, with others, to consider." *Dufrane,* 353 N.W.2d at 707. Even if, as Berns argues, the key was on the floor of the passenger's side, it is absurd to argue the driver has no physical control since the keys could be retrieved and the vehicle operational in a matter of seconds.

This case is factually distinguishable from *State v. Pazderski,* 352 N.W.2d 85 (Minn.Ct.App. July 24, 1984), where the car was properly parked in appellant's driveway and appellant had been sleeping in it for several hours.

The purpose behind our DWI laws is not served by the trial court's erroneous finding that respondent was not in physical control.

### DECISION

■ The trial court erred in determining respondent was not in physical control of his car.

Reversed.