**STATE of Minnesota, Respondent,**

v.

**David Michael PRIOR, Appellant.**

No. C1–84–1053.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Ross E. Arneson, Asst. Blue Earth County Atty., Mankato, for respondent.

James H. Manahan, Manahan & Partridge, Mankato, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

### OPINION

FORSBERG, Judge.

Appellant David Prior was convicted of misdemeanor DWI. On appeal he claims

the evidence was insufficient to support the finding that he was in physical control of his vehicle because he claims that he changed places just before the officer approached his car and that he was merely the passenger. We affirm.

## FACTS

On January 25, 1984, Blue Earth County Deputy Patrick Gemlo was driving eastbound on Balcerzak Drive at about 12:45 a.m. He made a U-turn to pursue a vehicle which had almost crossed the center line of traffic and hit him. He observed the vehicle make a left-hand turn onto a road and then a right-hand turn into a parking lot. He followed the car into the parking lot, turned on the red lights of his squad car, and shined a spotlight on the back of the car. He then parked close to the car, got out and approached the vehicle.

The person who emerged by the driver's side identified himself as David Prior. Prior admitted to being "over the limit" and stated he didn't need another DWI. Gemlo gave appellant several road tests, which Prior did poorly. Gemlo placed appellant in the squad car and gave appellant an alert test, which he failed. Gemlo also gave Paul Holm, identified to him as the passenger, the alert test. Gemlo then transported appellant to the Blue Earth County Law Enforcement Center and then to the hospital for a blood test. During the ride to the hospital Gemlo stated that appellant identified himself as the driver of the vehicle. The blood test revealed a blood alcohol level of .16. Gemlo also testified that appellant told him that appellant and Holm had been drinking with companions at a ballroom earlier in the evening and drank eight or nine beers.

Appellant testified that Holm was the driver and that they switched places after they were in the parking lot and the car was stopped. He admitted that he was in control of the vehicle after they switched places. Paul Holm testified that he drove and that the two did in fact change places.

Following a court trial the court ruled that appellant was in physical control while under the influence and convicted appellant of violating Minn.Stat. § 169.121, subd. 1(d).

## ISSUE

Was the evidence sufficient to convict appellant of being in physical control of the vehicle while under the influence?

## ANALYSIS

On review, if the trial court could reasonably have found the defendant guilty the verdict will not be disturbed. *State v. Thurmer,* 348 N.W.2d 776 (Minn.Ct.App. 1983). We must view the evidence in the light most favorable to the prosecution. *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981).

Here there was sufficient evidence for the trial court to conclude appellant was in physical control. Appellant admitted being under the influence. He was the owner of the vehicle. He admitted he was in the driver's seat just before he exited the vehicle. Officer Gemlo testified that appellant even told him that he was the driver. Further, the vehicle was merely temporarily stopped in a parking lot and was not parked for the evening. These facts are sufficient to sustain appellant's conviction. *See, State v. Thurmer,* 348 N.W.2d 776 (Minn.Ct.App.1984); *State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981); *Dufrane v. Commissioner of Public Safety,* 353 N.W.2d 705 (Minn.Ct.App.1984); *Berns v. Commissioner of Public Safety,* 355 N.W.2d 493 (Minn.Ct.App.1984); *State v. Pazderski,* 352 N.W.2d 85 (Minn.Ct.App. 1984).

## DECISION

Appellant's conviction for DWI is affirmed.

Affirmed.