Michael Joseph **STEINBERG,** petitioner, **Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. CO–84–380.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Robert H. Meier, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Linda F. Close, James B. Early, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered, and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

The Commissioner of Public Safety revoked respondent Steinberg's driver's license pursuant to Minn.Stat. § 169.123. Steinberg petitioned for judicial review and the trial court rescinded the revocation. The Commissioner appeals on grounds the arresting officer had probable cause to believe Steinberg operated his car while under the influence of alcohol. We reverse.

## FACTS

On December 22, 1983, at about 1:30 a.m., the St. Paul Police dispatched Officer Michael Drews to an auto accident. At the scene Drews found Steinberg's car stopped in the street and a van lodged in a snowbank at the side of the street. The front of the van and the rear of Steinberg's car were smashed. Nathan Edwards identified himself as the van's driver. Steinberg identified himself as the driver of the car. Drews did not notice whether the car was running but did notice the taillights were on.

Drews placed the two drivers in the rear seat of his squad car. In the squad car Drews noticed Steinberg's bloodshot and watery eyes, his slurred speech, and a strong odor of alcohol about him. Drews concluded Steinberg was intoxicated.

Officer Drews then asked Steinberg and Edwards how the accident happened. Steinberg said he slowed or stopped his car in the street to talk with an acquaintance, and the van struck his car in the rear. The damage to the vehicles was consistent with this explanation.

Drews filled out a St. Paul Police Department Alcoholic and Drug Influence report, which Steinberg signed. The Report said Steinberg had had four or five beers between 10:00 p.m. and 12:00 midnight and that Steinberg believed he was "not really" under the influence of alcohol. Officer Drews, however, arrested Steinberg for driving under the influence and read him his *Miranda* rights, which Steinberg stated he understood.

Drews took Steinberg to the police station and read him the implied consent advisory. Steinberg said he understood it. After speaking with his attorney, he refused to take the breathalyzer test. The Commissioner then revoked Steinberg's license.

## ISSUES

1. Could the trial court properly bar Steinberg's admissions regarding physical control of his car on the grounds Steinberg received no *Miranda* warning?

2. Did the arresting officer have probable cause to believe Steinberg physically controlled his car while under the influence of alcohol?

## ANALYSIS

Although the trial court failed to make findings of fact, its statements on the record indicate it rescinded the revocation because the Commissioner failed to establish probable cause to believe Steinberg had been driving under the influence of alcohol. The Commissioner contends that the record shows sufficient probable cause and demands reversal of the trial court's order. Steinberg responds that the trial court's order is correct because Steinberg's admissions could not be considered by the trial court since they were made before a *Miranda* warning was given. Aside from those admissions, Steinberg contends no evidence shows his personal involvement in the accident or provides probable cause to believe he had physical control of his car at the time of the accident.

### 1. Exclusion of Steinberg's Admissions

■ The trial court should have admitted Steinberg's statements relating to his physical control of the automobile. *Miranda's* exclusionary rule does not apply in implied consent proceedings. The police did have authority to take Steinberg into custody as a criminal (DWI) suspect. But *Miranda's* exclusionary rule applies only where the defendant makes custodial statements and the government offers the statements in criminal proceedings against the defendant. Exclusion of evidence is not a proper remedy unless the proceeding is essentially punitive, rather than remedial. *United States v. Ward*, 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980).

The purpose of revocation in implied consent proceedings is remedial rather than punitive. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981). "Since an implied consent proceeding is civil, rather than criminal, in nature no Fifth Amendment right attaches." *Butler v. Commissioner of Pub-*

lic Safety, 348 N.W.2d 827, 828 (Minn.Ct. App.1984), citing, Goldsworthy v.. State, Department of Public Safety, 268 N.W.2d 46, 49, n. 4 (Minn.1978). Therefore even if Steinberg made his second admission during a custodial interrogation, his statement is admissible in an implied consent hearing.

In any case, upon arriving at the scene of an accident an officer need not give a Miranda warning to a person suspected of DWI. State v. Kinn, 288 Minn. 31, 35–36, 178 N.W.2d 888, 891 (1970). "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact finding process is not affected by [the Miranda] holding." Miranda v. Arizona, 384 U.S. 436, 477, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966).

Generally, Miranda requires warnings only when police question a person after depriving him of freedom of action in any significant way. Miranda, 384 U.S. at 444, 86 S.Ct. at 1612; United States v. Dobbs, 711 F.2d 84, 86 (8th Cir.1983); State v. Palm, 299 N.W.2d 740, 741 (Minn.1980). Since Steinberg was not in custody when Drews first arrived on the scene, no Miranda warning was required. Cf. Berkemer v. McCarty, — U.S. —, —, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317 (1984) (roadside questioning of a motorist detained pursuant to a routine traffic stop held not to constitute "custodial interrogation"). The trial court should have admitted Steinberg's statements regarding his physical control of the car.

2. Probable Cause

Probable cause exists where all the circumstances provide reasonable grounds for suspicion sufficient to cause a cautious man to believe the suspect committed a wrongful act. State v. Childs, 269 N.W.2d 25, 27 (Minn.1978). See State v. Bruno, 293 Minn. 84, 90, 196 N.W.2d 459, 463 (1972). Steinberg's bloodshot and watery eyes, slurred speech, and strong odor of alcohol gave Officer Drews probable cause to believe Steinberg was under the influence of alcohol.

The record shows respondent identified himself as the driver of the car when Officer Drews arrived on the scene and again when Steinberg was in the squad car. In addition, the taillights of Steinberg's car were on when Drews arrived. Although Officer Drews did not notice whether Steinberg's car was running at the time he arrived on the scene, a running engine is not an essential element to prove that Steinberg controlled his car. Juncewski, 308 N.W.2d at 320. Furthermore, laws against drunk driving are interpreted liberally in favor of the public interest and against the private interest of the driver. Juncewski, 308 N.W.2d at 320. Steinberg's admissions and the circumstances Officer Drews observed warranted his belief that Steinberg had been operating his car when the accident occurred. See Dufrane v. Commissioner of Public Safety, 353 N.W.2d 705, 708 (Minn.Ct.App.1984). They also showed Steinberg was involved in an accident under Minn.Stat. § 169.123, subd. 2(a)(2) (1983).

## DECISION

The trial court's order rescinding revocation of Steinberg's driver's license is reversed and revocation is reinstated.