**Joseph John KOZAK,
Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

**No. CO–84–1285.**

Court of Appeals of Minnesota.

Dec. 18, 1984.

Louis D. Bass, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Deborah L. Huskins, Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and NIERENGARTEN and WOZNIAK, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from revocation of driver's license for refusal to submit to alcohol testing. The trial court found the driver was in physical control of the vehicle while under the influence of alcohol. We affirm.

## FACTS

Deputy Kevin Strand stopped to investigate a car parked on the highway shoulder. He found Joseph John Kozak asleep in the driver's seat. Strand pounded on the window to awaken Kozak, who fumbled at the ignition, then opened the car door.

Strand noted a strong odor of alcohol as Kozak opened the door. Kozak was confused, unsteady on his feet and his speech was slurred. Strand had Kozak perform field sobriety tests. Kozak failed them.

Seated in the squad car, Kozak stated that he had pulled to the side of the road because he felt if he continued to drive, he would be a danger to other vehicles on the road. Kozak took the vehicle keys from his pocket and gave them to Strand, who locked Kozak's car before they went to the Kanabec County Sheriff's office.

After arrest and the reading of the implied consent advisory, Kozak refused to submit to the breath analysis test.

## ISSUES

1. Did the trial court err in finding that Kozak was in physical control of his motor vehicle within the meaning of Minn.Stat. § 169.121 (Supp.1983)?

2. Did the trial court err in finding that Deputy Strand had reasonable and probable grounds to believe Kozak was under the influence of alcohol in violation of Minn.Stat. § 169.121 (Supp.1983)?

3. Did Deputy Strand have a right to investigate and render possible assistance where Kozak's car was legally parked along the highway and the driver was apparently sleeping?

## ANALYSIS

1. Physical Control

Since an implied consent hearing is a civil matter, the clearly erroneous standard of review applies. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705 (Minn.Ct.App.1984). The implied consent statute is remedial and should be liberally interpreted in favor of the public interest against the private interests of the drivers involved. *State v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981).

The legislature has not defined the "physical control" element of § 169.121. In 1978, the legislature deleted the qualifying adjective "actual" from the requirement that the driver be in "actual physical control" of the vehicle, indicating a desire that the statute be given the "broadest possible effect." *Juncewski*, 308 N.W.2d at 319.

The Minnesota Supreme Court noted:

The "actual physical control" offense is a preventive measure intended to deter the drunken driver. One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on the highway, even for a short distance, where his life and the lives of others hang in the balance.

*Id.* at 320, citing *State v. Schuler,* 243 N.W.2d 367 (N.D.1976).

"Physical control" was not found in *State v. Pazderski,* 352 N.W.2d 85 (Minn. Ct.App.1984), a DWI case. Pazderski was asleep in the front seat of a car parked in his own driveway when he was found. The keys were not in the ignition. This court reversed the DWI conviction, finding that Pazderski's being in the front seat alone was insufficient to find "physical control." This case is distinguishable from *Pazderski* in that Pazderski was in his own driveway when the police came to his vehicle. Here the defendant was parked alongside a public highway.

Kozak argues he was not in "physical control" of the vehicle because there was no evidence that the keys were in the ignition of his car. Deputy Strand testified that he didn't notice where they were when Kozak fumbled in that area after being awakened. Later, Kozak drew his keys from his pocket while seated in the squad car.

 This court has held that in deciding "physical control" questions under the implied consent statute "[t]he location of the keys is not dispositive." *Berns v. Commissioner of Public Safety,* 355 N.W.2d 493, 495 (Minn.Ct.App.1984). The trial court properly ruled that Kozak had physical control of the vehicle where he was found asleep in the vehicle with the keys in his possession.

2. Probable Cause

Kozak argues Deputy Strand lacked probable cause to believe he was driving under the influence of alcohol in violation of Minn.Stat. § 169.121 because Strand had not seen Kozak driving a vehicle. *State v. Harris,* 295 Minn. 38, 202 N.W.2d 878

(1972), holds directly contrary to appellant's position.

 This court has held reasonable and probable grounds exist if an officer observes any objective indicia of intoxication. *Holtz v. Commissioner of Public Safety,* 340 N.W.2d 363, 365 (Minn.Ct.App. 1983), citing *State v. Hicks,* 301 Minn. 350, 222 N.W.2d 345 (1974). Here, Strand testified he observed the strong odor of alcohol, Kozak's slurred speech, his confusion, inability to keep his balance and his failure to perform field sobriety tests successfully.

Given the uncontradicted evidence of Kozak's appearance and performance, the trial court's finding of reasonable and probable grounds for belief that Kozak was under the influence of alcohol was not error.

3. Right and duty of police officer to render assistance to already parked car

 In the proper performance of his duties, an officer has not only the right but a duty to make a reasonable investigation of vehicles parked along roadways to offer such assistance as might be needed and to inquire into the physical condition of persons in vehicles. *State v. Vohnoutka,* 292 N.W.2d 756 (Minn.1980).

As the court stated in *Vohnoutka:*

[C]ourts generally have held that it does not by itself constitute a seizure for an officer to simply walk up and talk to a person standing in a public place or to a driver sitting in an already stopped car.

\* \* \* \* \* \*

In our case defendant had already stopped his car and the officers approached him for a legitimate reason. \* \*

*Id.* at 757.

 The occupant of an already parked car may be intoxicated, he may be suffering from sudden illness or heart attack, or may be just asleep. Surely, it is within a responsible peace officer's duty as it relates to the public to determine whether his assistance is needed.

**DECISION**

The trial court is affirmed.