**STATE of Minnesota, Respondent,**

v.

**Willis J. MARINER, Appellant.**

**No. C3–84–1460.**

Court of Appeals of Minnesota.

April 23, 1985.

Review Denied July 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James E. O'Neill, Pipestone County Atty., Timothy K. Anderson, Asst. County Atty., Pipestone, for respondent.

C. Paul Jones, Minn. State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

### SUMMARY OPINION

LANSING, Judge.

### FACTS

Appellant Willis Mariner was convicted of gross misdemeanor DWI in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(a) (Supp.1983). The State's witness, Ruth Fox, testified that on September 28, 1983, a white pickup truck was driven into her farmyard in a zig-zag manner. She testified that she saw Mariner get out of the truck and get back in and that she talked to him. She said Mariner was alone and that she had difficulty understanding him because his speech was slurred. After giving him directions, she saw him drive away onto the wrong lane of a highway. She called the sheriff. A deputy responding to her call found the truck parked on the side

of a highway about four and a half miles from Fox's home. Mariner was sleeping on the seat, his head propped against the passenger door. The engine was off and the keys on the dashboard. The deputy smelled a strong odor of alcohol and described Mariner's eyes as bloodshot and watery, his face pale, and his speech slurred. The deputy said Mariner was belligerent and told the deputy that Mariner had used good sense in pulling off to the shoulder. Mariner later refused to submit to a breath test.

## DECISION

### I

■ Mariner's insufficiency of the evidence argument is essentially that the jury should have believed his witnesses rather than the State's. Mariner's son testified that he drove the truck into and out of Ruth Fox's farmyard, while Mariner was only a passenger. He said Fox did not see him because he was underneath the truck, trying to fix its transmission, when Fox and Mariner were talking.

Conflicts in testimony are for the jury to decide, and the jury chose to believe the State's witnesses. The evidence is sufficient to establish that Mariner was in physical control of the vehicle, *see State v. Pazderski*, 352 N.W.2d 85 (Minn.Ct.App. 1984); *Berns v. Commissioner of Public Safety*, 355 N.W.2d 493 (Minn.Ct.App. 1984); *Kozak v. Commissioner of Public Safety*, 359 N.W.2d 625 (Minn.Ct.App. 1984), and was under the influence, *see State v. Hicks*, 301 Minn. 350, 222 N.W.2d 345 (1974).

### II

■ Mariner's assertion that he was denied due process because he was charged with this offense six months after it occurred is without merit. *See United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971); *State v. Bellcourt*, 293 Minn. 446, 196 N.W.2d 610 (1972). Mariner was partially responsible for the delay because he failed to appear in court

when originally ordered, on October 7, 1983. Further, he has not shown substantial prejudice, and the prosecution was within the statute of limitations.

Affirmed.