**Charles R. MOORE, Respondent,**

v.

**Wayne M. DUBBIN, Appellant.**

**No. CO–85–728.**

Court of Appeals of Minnesota.

Sept. 24, 1985.

Larry C. Minton, Hibbing, for respondent.

Richard K. Sellman, Hibbing, for appellant.

Considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Wayne M. Dubbin appeals from judgment entered January 24, 1985. The trial court concluded that respondent Charles R. Moore was not in breach of contract and that Dubbin owes Moore $4,500 plus interest, representing the balance on the purchase price of a front-end loader and backhoe. We affirm.

## FACTS

In November 1983 Wayne Dubbin entered into an oral contract with Charles Moore to purchase Moore's 450 John Deere Crawler with front-end loader and backhoe for $9,000, $4,500 down with the balance payable in February 1984, at which time Dubbin would pick up the crawler.

Moore represented the crawler as being in good and/or excellent shape and advised Dubbin that the condition or wear of the tracks could be determined by feeling the bushings with one's fingers, which was done. The crawler was started and operated at the time of sale.

On February 17, 1984, Dubbin paid Moore the balance of $4,500 but did not inspect the crawler. The next day the crawler was driven by Moore's son from the storage area, where it had been sheltered since November 1983, 100–200 feet onto Dubbin's trailer, causing snow to accumulate in the track. The crawler was then taken to Dubbin's cabin.

After unloading the crawler, Dubbin testified that he was driving the crawler to push some snow when the tracks started to pound and jump. Dubbin concluded there

were holes in the bushings and that the tracks were not the same as the ones on the crawler in November 1983.

Dubbin then advised Moore to pick up the crawler and return the November down payment. Moore refused but subsequently offered to refund the entire purchase price if Dubbin returned the crawler. Dubbin rejected this offer and stopped payment on the February payment. Moore commenced this action seeking to recover the balance of the purchase price.

The trial court found that Dubbin had the opportunity to inspect the crawler in November and February and that Moore did not make any representations to Dubbin regarding the condition of the tracks with the intent to defraud. The court also found that the tracks were not changed or in any way different when Dubbin took possession compared to the condition of the track at the time the contract was entered into.

## ISSUE

Are the trial court's findings of fact and conclusions of law clearly erroneous?

## ANALYSIS

The trial court's findings in support of its determination will not be set aside "if they are reasonably supported by evidence in the record considered as a whole." *Hubbard v. United Press International, Inc.*, 330 N.W.2d 428, 441 (Minn.1983).

■ The only issue on appeal is whether or not the record supports a finding that the tracks on the crawler in February 1984 were the same as the tracks on the crawler in November 1983, the time of sale. Dubbin and his witnesses testified that the tracks were different. One of the witnesses testified that he felt holes in many of the bushings in February that were not present in November. Moore and his witnesses testified that the tracks were the same. A construction contractor in Chisholm testified that the tracks were in fact the same, basing this conclusion on a visual inspection in September or October 1983 and again in April 1984. A second witness also testified that the tracks were the

same, other than a little more wear on the bushings. He based his opinion on the fact that the hydraulic tensioner was roughly in the same position and that there was no grease on the back end, both of which indicate the track has not been changed. The resolution of the case was, therefore, based on the credibility of the witnesses. Due regard should be given to the opportunity of the trial court to judge the credibility of the witnesses. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984).

■ Dubbin argues there was an attempt at the time of delivery to cover-up the switching of tracks. Dubbin claims Moore's son intentionally drove the crawler a short distance through the snow so that snow and ice would accumulate on the tracks, making inspection difficult. Dubbin, however, never attempted to make an inspection after the initial inspection in November 1983. The crawler was continuously available to Dubbin between November and February. He also had the opportunity to make a close inspection when he picked up the crawler in February. There is no clear evidence suggesting that the tracks were in any worse condition than originally contracted for.

■ Finally, Dubbin had the opportunity to return the crawler and have his $4,500 refunded. Instead, he chose to accept the crawler and argue non-conforming tender. By so doing, Dubbin accepted the burden of proving a breach of contract by a preponderance of the evidence. The trial court's findings are supported by the evidence.

## DECISION

Because the trial court had the opportunity to observe the witnesses and determine their credibility and because the court's findings are reasonably supported by the record, we affirm.

Affirmed.