**STATE of Minnesota, Appellant,**

v.

**Michael Dennis MALETICH, Respondent.**

No. C1–85–1922.

Court of Appeals of Minnesota.

April 8, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael L. Samuelson, Asst. City Atty., St. Cloud, for appellant.

John T. Lund, St. Cloud, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

NIERENGARTEN, Judge.

This is a pretrial appeal by the State seeking review of an order of the district court dismissing misdemeanor DWI charges against respondent Michael Maletich based on a lack of probable cause to believe that Maletich was in physical control of his vehicle. We reverse and remand for trial.

## FACTS

At approximately 2:40 a.m. a St. Cloud police officer went to an apartment complex to investigate a report that a man was pounding on the outside window of an apartment. The officer found no one at the window, but observed a parked vehicle in the parking lot with a man seated inside. The officer parked behind the vehicle and respondent Michael Maletich got out of the driver's side and walked to the squad car. The officer asked him what he was doing and Maletich replied that he was looking for the keys for his car or his apartment. Maletich lived in the apartment complex. The officer noticed that Maletich had an odor of alcohol on his breath and appeared to have been drinking. The officer found Maletich's keys on the front passenger side floor of his car. The officer then noticed

some damage to the right rear taillight area of Maletich's car, and in the immediate area, discovered a truck parked up over a curb with fresh damage to it. The officer matched taillight fragments near the truck with a broken piece of lens from Maletich's car and concluded that Maletich's car had caused the truck damage. The officer learned that the truck had been parked in the parking lot in an undamaged condition at approximately 11:00 p.m. the previous night. Maletich told the officer an unidentified person drove him there to the parking stall and walked away. Based on observations of Maletich's indicia of intoxication (odor of alcohol, swaying walk, and loud, belligerent demeanor), Maletich was placed under arrest for DWI. He consented to a breath test which revealed a blood alcohol concentration of .16.

Following the omnibus hearing, the trial court dismissed the charges based on the arresting officer's lack of probable cause to believe that Maletich was in physical control of his car.

## ISSUE

Did the trial court err in dismissing the DWI charge based on the State's failure to prove that the officer had probable cause to believe respondent was in physical control of his vehicle?

## ANALYSIS

Probable cause to believe a driver is in physical control is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the driver was in physical control. *See State v. Harris*, 265 Minn. 260, 264, 121 N.W.2d 327, 330 (1963). The State's burden at the omnibus hearing is to demonstrate physical control by a preponderance of the evidence, not reasonable doubt. *Lego v. Twomey*, 404 U.S. 477, 926 S.Ct. 619, 30 L.Ed.2d 618 (1972); *State v. Wajda*, 296 Minn. 29, 32, 206 N.W.2d 1, 3 (1973).

The only witness at the omnibus hearing was the arresting officer who testified to the following facts which gave him proba-

ble cause to believe Maletich was in physical control: 1) he deduced or suspected Maletich was the unknown person pounding on an apartment window because Maletich was the only person in the area at 2:40 a.m.; 2) Maletich was observed awake in a parked vehicle; 3) Maletich's keys were found on the floor of the passenger side of the car; 4) Maletich's car was recently involved in an accident with a parked truck in the parking lot sometime within the previous three and one-half hours; 5) Maletich was observed to have several indicia of intoxication (odor of alcohol, swaying walk, belligerent manner); and 6) Maletich's version of the events was that an unknown person drove him in his car and then left on foot.

Maletich analogizes these facts to *State v. Pazderski*, 352 N.W.2d 85 (Minn.Ct.App. 1984).

This case is unlike *Pazderski*. First, *Pazderski* involved an appeal from conviction where the burden of proof was beyond a reasonable doubt. Second, here there is no evidence of Maletich's intentions to further use or abstain from further use of his vehicle, whereas Pazderski decided to spend the night sleeping in his car. In addition, in contrast to *Pazderski*, there is evidence here that the car had been driven recently because of the observed damage. Finally, unlike *Pazderski*, Maletich. was found awake and seated in his car.

We have stated that a running engine is not an essential element to prove physical control. *Steinberg v. State, Department of Public Safety*, 357 N.W.2d 413, 416 (Minn.Ct.App.1984). In *Berns v. Commissioner of Public Safety*, 355 N.W.2d 493, 495 (Minn.Ct.App.1984) we noted that even if the keys were on the floor of the passenger's side, "it is absurd to argue the driver has no physical control since the keys could be retrieved and the vehicle operational in a matter of seconds." Where a driver was found lying in the front seat of his car, legally parked with the ignition keys in his possession, we held that the driver continued to be a threat to the public safety because he could set out on an inebriated

journey at any moment. *Martin v. Commissioner of Public Safety*, 358 N.W.2d 734, 737 (Minn.Ct.App.1984).

██ The question of physical control ultimately must be evaluated by examining whether the policy concerns behind our drunk driving laws will be served. The physical control requirement is designed to deter drunken individuals from getting into their vehicles, except as passengers. *State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct. App.1984). The police officer here had no way of knowing if Maletich was home or intended to drive elsewhere as Maletich was seen awake and seated in his car. Further, Maletich had the present ability to drive away, even if he had trouble finding the keys, as the keys were in his constructive possession. *See Berns*, 355 N.W.2d at 495.

██ In dismissing the case, the trial court made several comments which are described as "findings" by Maletich. These "findings" have no support in the record. For example, the trial court's comments that Maletich's rapping at a window is indicative of no intent to drive in the future is speculative, at best. The court's comment that there is no reasonable certainty to believe that Maletich drove in the past during the time that he was intoxicated laid too heavy a burden upon the State. The State's burden at the omnibus hearing is not "reasonable certainty" but rather a preponderance of the evidence. At a minimum, the State has shown by a preponderance of the evidence that the officer had probable cause to believe that Maletich was in physical control of the vehicle. The State's showing was sufficient to withstand a motion to dismiss; whether the evidence is beyond a reasonable doubt is for the jury to determine.

### DECISION

The trial court erred in dismissing the DWI charge based on lack of probable cause to believe the driver was in physical

control of a vehicle. The case is remanded for trial.

Reversed and remanded for trial.