**STATE of Minnesota, Respondent,**

v.

**Cheryl L. WOODWARD, Appellant.**

**No. C6–86–2218.**

Court of Appeals of Minnesota.

July 21, 1987.

Edward P. Starr, St. Paul City Atty., Gerald Hendrickson, Chief Prosecutor, Mary Magnuson, Asst. City Atty., Daryl D. Bail, Certified Student Atty., St. Paul, for respondent.

James J. Boyd, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## MEMORANDUM OPINION

PARKER, Judge.

### FACTS

On July 24, 1986, at about 1:30 a.m., Minnesota State Trooper Gloria Yarusso observed a car stopped on the shoulder of I–94 in St. Paul with its hazard lights flashing and trunk open. Yarusso stopped and saw that the car's engine was running, the keys were in the ignition and the car had a flat tire. She saw appellant Cheryl Woodward standing at the rear of the car. Woodward told Yarusso she had just gotten off work from her waitress job at a downtown bar and was returning home when her tire blew out.

Officer Yarusso testified that Woodward showed several signs of intoxication and that she went to the front seat and produced her driver's license. She acknowledged she had had a drink at work. Upon failing several field sobriety tests, she was arrested for DWI. Intoxilyzer test results

showed Woodward had an alcohol concentration of .20. Woodward never claimed to the officer that she was not the driver of her vehicle.

At the court trial Woodward claimed she was being driven home by a friend who was unable to fix the flat tire. She alleged that her friend left to walk approximately two miles to his rental car and that he told her to wait for him to return to fix the tire. Woodward claimed that her friend travels around the country and that she never heard from him again.

The trial court found Woodward guilty of being in physical control of a vehicle while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a) (Supp. 1985). Woodward challenges the sufficiency of evidence regarding her physical control of the vehicle.

### DECISION

On review we must view the evidence in the light most favorable to the State. *State v. Duemke*, 352 N.W.2d 427, 429–30 (Minn.Ct.App.1984). We must assume the trial court disbelieved contradictory testimony. *State v. Cox*, 278 N.W.2d 62, 65 (Minn.1979).

In *Duemke* this court upheld jury instructions defining physical control as

being in a position to exercise dominion or control over the vehicle. Thus, a person [is] in physical control of a vehicle if he has the means to initiate any movement of that vehicle and he is in close proximity to the operating controls of the vehicle, and this is true whether the vehicle can be driven upon the highway at that point or not.

*Duemke*, 352 N.W.2d at 432. We noted that this definition coincided with common usage and the apparent scope of our DWI statute. *Id.*

That Woodward's car had a flat tire does not mean the car was incapable of movement and incapable of posing a threat to public safety. Woodward's car was not mechanically inoperable simply because it could not successfully reach her intended destination.

Woodward was found alone, exercising control over her vehicle. The keys were in the ignition and the engine running. She was fully capable of putting the car in motion. *See State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 320 (Minn.1981); *State v. Maletich*, 384 N.W.2d 586, 588 (Minn.Ct.App.1986); *State v. Thurmer*, 348 N.W.2d 776, 778–79 (Minn. Ct.App.1984). We conclude the evidence was sufficient to prove Woodward was in physical control of a motor vehicle while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a) (Supp. 1985).

Affirmed.