STATE of Minnesota, Respondent,

v.

Daryl FLECK, Appellant.

No. A08–0072.

Court of Appeals of Minnesota.

March 24, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and Gregory A. Widseth, Polk County Attorney, Crookston, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, G. Tony Atwal, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by
SHUMAKER, Presiding Judge;
STONEBURNER, Judge; and
COLLINS, Judge.*

## OPINION

STONEBURNER, Judge.

Appellant challenges his convictions of driving while impaired, arguing that evidence that he was alone, intoxicated, and asleep behind the wheel of his operable motor vehicle parked at his residence with the keys on the center console is insufficient evidence that he was in physical control of the motor vehicle to support convictions under Minn.Stat. § 169A.20, subd. 1(1), (5). We disagree.

## FACTS

At 11:30 p.m., in response to a call from a concerned citizen, police officers found appellant Daryl Fleck asleep behind the wheel of his vehicle which was legally parked in an assigned space at the apartment building where he lived. Fleck was obviously intoxicated, and later testing showed that he had an alcohol concentration of .18. The keys to the vehicle were on the console between the driver and passenger seats but there was no evidence that Fleck had recently driven the vehicle. Fleck first told the officers that he had come to the car to retrieve something but later told them that he had come out to sit in the car. Three open beer cans were found under a blanket in the passenger's seat. Fleck was arrested and charged with two counts of first-degree driving while impaired for being in physical control of a motor vehicle while impaired in violation of Minn.Stat. § 169A.20, subd. 1(1), and for being in physical control of a motor vehicle with an alcohol concentration of .08 or more in violation of Minn. Stat. § 169A.20, subd. 1(5). Fleck does not dispute that he has prior convictions constituting aggravating circumstances. *See* Minn.Stat. § 169A.24 (2006) (stating that a person who violates section 169A.20, where there are one or more aggravating circumstances, is guilty of first-degree driving while impaired, which is a felony). Fleck was convicted of both charges and sentenced to 48 months in prison. This appeal followed.

## ISSUE

Is evidence that a person was found alone, intoxicated, and asleep behind the wheel of his operable motor vehicle parked at his residence with the keys on the center console sufficient to support convictions

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

of driving while impaired by reason of being in physical control of a vehicle within the meaning of Minn.Stat. § 169A.20, subd. 1(1), (5)?

## ANALYSIS

Fleck, relying on *State, City of Falcon Heights v. Pazderski*, 352 N.W.2d 85 (Minn.App.1984), argues that evidence that he was merely sleeping in his car at his residence while intoxicated is insufficient to support a finding that he was in physical control of the vehicle within the meaning of Minn.Stat. § 169A.20, subd. 1(1), (5) (2006).

A challenge to the sufficiency of the evidence requires "a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). This court must assume that the trier of fact believed the evidence supporting the conviction and disbelieved evidence to the contrary. *State v. Thomas*, 590 N.W.2d 755, 757 (Minn.1999). Evidence is sufficient to support a conviction if, on the facts in the record and the legitimate inferences to be drawn from those facts, the trier of fact could reasonably conclude that the defendant committed the crime charged. *State v. Moore*, 481 N.W.2d 355, 360 (Minn. 1992).

Any person who drives, operates, or is in physical control of any motor vehicle within the State of Minnesota while under the influence of alcohol or with an alcohol concentration of .08 or more is guilty of a crime. Minn.Stat. § 169A.20, subd. 1(1), (5). "[A] person is in physical control of a vehicle if he has the means to initiate any movement of that vehicle and he is in close proximity to the operating controls of the vehicle...." *State v.*

*Woodward*, 408 N.W.2d 927, 928 (Minn. App.1987) (quotation omitted). Physical control is meant to cover situations where an inebriated person is found in a parked vehicle that, without too much difficulty, might again be started and become a source of danger to the operator, to others, or to property. *State v. Starfield*, 481 N.W.2d 834, 837 (Minn.1992). The term is given the broadest possible effect. *Id.* "Mere presence in or about the vehicle is not enough for physical control; it is the overall situation that is determinative." *Id.* at 838.

In *Pazderski*, we held that the state had failed to prove beyond a reasonable doubt that Pazderski, who was found asleep in his car in his driveway at 3:00 a.m., was in physical control of the vehicle within the meaning of the statute. 352 N.W.2d at 89. In *Pazderski*, the record established that, to avoid a confrontation with his girlfriend, with whom he had quarreled, Pazderski decided to sleep in his car. *Id.* at 86. Police found him at approximately 3:00 a.m. asleep in the driver's seat of his car, which was parked in its customary place at his home. *Id.* The keys were not in the ignition and there is no evidence in the record of the keys having been in the car or on Pazderski at the time he was sleeping in the car. *Id.* at 88. The opinion emphasized that the record showed merely that Pazderski was using the car as a place to sleep and noted that no purpose related to drunk-driving laws would be served by a conviction because Pazderski had no intention of driving. *Id.* Fleck argues that the facts of his case are identical with the facts in *Pazderski*. We disagree.

The evidence showed only that Pazderski was using his vehicle for a purpose that was entirely inconsistent with driving. There was no evidence that the keys were in Pazderski's possession or in the vehicle such that he could have immediately driv-

en off. In contrast, the evidence of Fleck's use of his vehicle was not inconsistent with driving the vehicle, and the keys were readily available to him. That Fleck may not have intended to drive when he went to the vehicle is immaterial. *See Starfield,* 481 N.W.2d at 839 (stating that "[a]n intent to operate is not an element of the criminal offense; if it were, defendants found in a drunken stupor behind the wheel could argue they lacked intent to move the vehicle. A drunken intent is highly problematic...."). We conclude that the overall situation of Fleck is distinguishable from that of Pazderski and that the evidence in this case is sufficient to support the jury's determination that Fleck was in physical control of his vehicle within the meaning of Minn.Stat. § 169A.20, subd. 1(1), (5).

## DECISION

Because Fleck's keys were readily available to him and there is no evidence in the record that his purpose for being in the vehicle was inconsistent with driving, the evidence that he was in physical control of the vehicle was sufficient to support convictions for driving while impaired under Minn.Stat. § 169A.20, subd. 1(1), (5).

**Affirmed.**