372 N.W.2d 438 (1985)
WEST BEND MUTUAL INSURANCE COMPANY, Respondent,
v.
MILWAUKEE MUTUAL INSURANCE COMPANY, Louis Hager, et al., Thomas Graham, et al., City of Elysian, Mark Neste, d.b.a. Neste's Ambulance Service, Respondents,
Immanuel-St. Joseph's Hospital, Appellant.
WEST BEND MUTUAL INSURANCE COMPANY, Appellant,
v.
MILWAUKEE MUTUAL INSURANCE COMPANY, Louis Hager, et al., Thomas Graham, et al., City of Elysian, Mark Neste, d.b.a. Neste's Ambulance Service, Immanuel-St. Joseph's Hospital, Respondents.
Nos. C3-85-500, CO-85-177.
Court of Appeals of Minnesota.
August 13, 1985.
Review Granted October 24, 1985.
*439 Moss & Barnett, Dale M. Wagner, Minneapolis, for West Bend Mut. Ins. Co.
Peterson, Bell & Converse, Willard L. Converse, St. Paul, for Milwaukee Mut. Ins. Co.
Regan & Barnett, R. Michael Regan, Mankato, for Louis Hager, et al.
Paige J. Donnelly, Ltd., John A. Kottke, St. Paul, for Thomas Graham, et al.,
Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Raymond C. Krause, Mankato, for City of Elysian.
John H. McLoone, IV, Waseca, for Mark Neste, d.b.a. Neste's Ambulance Service.
Farrish, Johnson, Maschka & Hottinger, R.G. Johnson, Mankato, for Immanuel-St. Joseph's Hosp.
Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and RANDALL, JJ.

OPINION
NIERENGARTEN, Judge.
West Bend and Immanuel-St. Joseph Hospital appeal the trial court's ruling that Diane Hager's act of grabbing the steering wheel of Tom Graham's moving car, causing an accident which severely injured Graham, was not covered by her automobile insurance policy but, instead, was covered by her homeowner's insurance policy. They argue her acts were vehicle-related and should, therefore, be covered by her automobile insurance policy. We affirm.

FACTS
On December 11, 1981, Diane Hager drove with her parents to a bar where she met a friend, Tom Graham. After a couple of drinks, Hager and Graham left the bar and drove to a party where, in the course of the evening, Graham decided to leave because he believed Hager was flirting with a young man. As he was backing out of the driveway, Hager got into the front passenger seat. About a mile away from the party, Graham turned the car around to bring Hager back to the party.
Testimony differs as to what happened next. Graham claims that, as he was shifting and had only one hand on the steering wheel, Hager grabbed the wheel and pulled it down, causing the car to go off the road. Hager claims she grabbed the wheel with one hand but did not exert any force on it, her only intention being to get Graham to stop the car so they could talk. She further claims that when Graham tried to wrestle the steering wheel away from her, the car went up an embankment and rolled over. Graham sustained serious injuries in the accident.
Hager's parents' homeowner's insurer, West Bend, brought a declaratory judgment action to determine its rights and obligations under its homeowners policy.
*440 The trial court issued two orders. The first, dated November 19, 1984, incorrectly treated the proceeding as a summary judgment hearing. When the court realized its error, it issued a new order, dated December 26, 1984, which made new findings and vacated only the inconsistent portions of the November 19, 1984 order. Immanuel-St. Joseph claims West Bend erred in appealing from the December 26 judgment and should have appealed from the November 19 judgment. By order dated April 30, 1985, this court ruled West Bend's appeal was proper.
The December 26 order held (1) West Bend's policy provides coverage, (2) West Bend has a duty to defend Hager and must, therefore, reimburse her for legal costs and fees not already paid by Milwaukee Mutual, Hager's auto liability carrier, and (3) that Milwaukee Mutual's policy does not provide coverage. Both West Bend and Immanuel-St. Joseph appealed.

ISSUE
Whether a passenger grabbing the steering wheel of a moving car commits a non-vehicle related act, thereby imposing on her homeowner's insurer a duty to defend her in a suit for personal injuries brought by the car's driver?

ANALYSIS
West Bend contends Hager's act of grabbing the steering wheel of Graham's car is vehicle-related and falls within its policy exclusion of coverage for injuries arising out of the use of an automobile. They argue Hager had initial permission to be in Graham's car, and "used" the car while a passenger, thus Milwaukee Mutual's automobile policy should provide coverage.
The principle issue on appeal is construction of the exclusionary clause in Hager's parents' homeowners policy issued by West Bend. The clause reads:
We do not cover bodily injury or property damage arising out of the ownership, maintenance or use of

* * * * * *
(b) any land motor vehicle designed for use on public roads, other than a recreational land motor vehicle, owned or operated by or rented or loaned to an insured person.
(Emphasis added). Holding the homeowner's policy provided coverage, the trial court relied on State Farm Mutual Automobile Insurance Co. v. White, 60 Or.App. 666, 655 P.2d 599 (1983), a case factually on point with this case.
The Oregon court, interpreting identical language in a State Farm homeowner's policy, held the passenger's conduct in grabbing and turning the steering wheel did not constitute "operation" but, rather, "interference with the operation" of the car and the homeowners policy exclusion did not apply. The Oregon court reasoned as follows:
She was not sitting in the operator's seat; she did not have her foot on, or even have access to, either the brake or the accelerator. All the controls of the auto, other than the means of direction, were being physically controlled by [the driver]. By no stretch of the imagination was Miss White "operating" a motor vehicle in the usual and accepted sense of the word.
Id. at 672, 655 P.2d at 602 (emphasis added).
West Bend urges this court to adopt the approach taken in United States Fidelity & Guaranty Co. v. Hokanson, 2 Kan. App.2d 580, 584 P.2d 1264 (1978). In Hokanson, the passenger pulled on the steering wheel, causing the driver to lose control of the vehicle. Farm Bureau, the passenger's auto liability carrier, covered the passenger's "use of any other automobile" with or without permission.
In holding that "use" is any exercise of control, the court stated:
We believe that when a person takes control of a moving vehicle, even though only for an instant, that person has gained control over it and is operating it within the normal definition and understanding which ordinary laymen would give to an insurance policy.
*441 Id. at 583, 584 P.2d at 1267 (emphasis added). The court also held that when the passenger grabbed the steering wheel, she deviated from her permitted use as a passenger and was, therefore, not covered by the driver's automobile policy. Id. at 584, 584 P.2d at 1268.
The inclusionary clause of an auto policy is construed differently from the exclusionary clause of a homeowner's policy. Coverage clauses are interpreted broadly to afford the greatest possible protection to the insured, while exclusionary clauses are interpreted narrowly against the insurer.
We find nothing on point in Minnesota. In Jorgensen v. Auto-Owners Insurance Co., 360 N.W.2d 397 (Minn.Ct.App.1985), a motorist was injured when he opened the trunk of his father's car and a gas can inside the trunk exploded. The no-fault insurer denied benefits and refused to defend. In construing the exclusionary language of the homeowners policy, we found the insured had committed two separate acts, one vehicle related and one non-vehicle related. Placing a gas can near a known source of ignition was non-vehicle related and the homeowners policy was held to provide coverage. Negligent maintenance of the trunk was held to be vehiclerelated and the auto policy was held to provide coverage. Id. at 401. We further held that, for an act to be vehicle-related, there must be a causal connection between the injury and the use of the vehicle for transportation purposes. Moreover, the vehicle must be more than the mere situs of the injury. Id. at 400.
In Waseca Mutual Insurance Co. v. Noska, 331 N.W.2d 917 (Minn.1983), the act of placing barrels of hot ashes on a truck was found to be non-vehicle related and the act of driving at an unsafe speed was found to be vehicle related, thus both policies provided coverage and both companies owed a duty to defend.
We conclude that there was no vehicle-related conduct. We accept the analysis of the Oregon court and hold here that Graham controlled his car in every way except, for a brief instant, the steering wheel, and that he alone "used" the vehicle. Hager interfered with his operation, she did not control the vehicle. We also agree with the Oregon court's reasoning that the auto policy did not afford coverage since it provided coverage for non-owned vehicles only when use was permissive. As that court reasoned, although one can be a passenger by permission, grabbing the steering wheel fell outside the scope of that permissive use of an automobile that falls within liability coverage. Grabbing the steering wheel constitutes a single, non-vehicle related act.
Both Diane Hager and Immanuel-St. Joseph acknowledge that the language of the policy when applied to these facts is ambiguous. Any ambiguities should be construed against West Bend. West Bend's policy has a definitions section where it could have defined "operation" and "use" but it chose not to. It cannot now deny coverage based on a strict definition.

DECISION
The act of a passenger in grabbing the steering wheel of a moving car is nonvehicle related, thereby imposing on the passenger's homeowner's insurer a duty to defend her in a suit for personal injuries brought by the car's driver.
Affirmed.