Steven G. IVES, Petitioner, Appellant,

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C4–85–196.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

Thomas G. Harrigan, Sigal & Miller, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and WOZNIAK, SEDGWICK, LANSING, HUSPENI, FORSBERG and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals the revocation of his driver's license. He claims (1) he was denied the right to consult with an attorney before deciding to submit to testing, (2) the trial court's failure to file its order sustaining revocation within 14 days requires rescission of the revocation, and (3) a passenger who pushes a car's accelerator does not have physical control of the car within the meaning of the implied consent statutes. We affirm.

## FACTS

About 3:50 a.m. on November 4, 1984, Officer Michael Johnson of the St. Paul Police Department saw a car squeal its tires away from a stop sign. He followed the car and noticed the passenger's door open several times while the car was moving. Officer Johnson then stopped the car.

The driver of the car explained the reason his car accelerated so quickly was because appellant, who was sitting in the right front passenger's seat, had reached over and stepped on the accelerator. Appellant admitted stepping on the accelerator. Officer Johnson noticed appellant's eyes were extremely bloodshot, his speech was slurred and incoherent, and that his breath smelled like alcohol. Appellant was then arrested for DWI. Appellant refused to take a breath test and his driver's license was revoked.

The trial court sustained the revocation. The court's order sustaining the revocation was not filed until the 20th day after the hearing.

## ISSUES

1. Was appellant denied the right to consult with an attorney before deciding whether to submit to testing?

2. Does the trial court's failure to file its order sustaining the revocation of appellant's driver's license within the 14 day limit require rescission of the revocation?

3. Did appellant have physical control of the vehicle within the meaning of the implied consent statutes?

## ANALYSIS

■ 1. Appellant did not have the right to consult with an attorney before deciding whether to submit to testing. *See Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985).

■ 2. Appellant claims his driver's license should be returned because the trial court failed to file its order within 14 days as required by Minn.Stat. § 169.123, subd. 6(3) (1984). This statute states:

The court shall order either that the revocation be rescinded or sustained and forward the order to the commissioner of public safety. The court shall file its order within 14 days following the hearing.

*Id.* The time period prescribed under subdivision 6(3) is directory. Since the statute does not provide any consequences for the court's failure to act, the court's failure did not deprive it of the power to make a valid decision. *See Heller v. Wolner*, 269 N.W.2d 31, 33 (Minn.1978); *Szczech v. Commissioner of Public Safety*, 343 N.W.2d 305, 307–09 (Minn.Ct.App.1984).

3. Appellant claims his act of stepping on the car's accelerator did not satisfy the statutory requirement that a person have "physical control" of a motor vehicle. *See* Minn.Stat. §§ 169.121, subd. 1, 169.123, subd. 2 (1984). This appears to be the first time that a Minnesota appellate court has considered when a passenger exerts physical control within the meaning of the implied consent statute.

We recently considered similar facts in the context of interpreting an exclusionary clause in a homeowner's insurance policy. In *West Bend Mutual Insurance Co. v. Milwaukee Mutual Insurance Co.*, 372 N.W.2d 438 (Minn.Ct.App.1985), the involved exclusionary clause provided that the policy did not cover injuries arising out of the use of an automobile operated by an insured person. We determined that a passenger's act of grabbing a steering wheel of a moving car did not constitute "operation" of the vehicle within the purview of the exclusionary clause.

 We do not consider that *West Bend* controls our decision in this case. Exclusionary clauses in insurance policies are interpreted narrowly against an insurer. *Id.* at 441. In contrast, the laws prohibiting a person from driving while intoxicated are given the broadest possible effect and liberally interpreted in favor of the public interest. *See State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 319 (Minn.1981); *State, City of Falcon Heights v. Pazderski*, 352 N.W.2d 85, 87 (Minn.Ct.App.1984). Issues relating to physical control of vehicles are resolved so that the policy objectives of the DWI statutes are served. *See Pazderski*, 352 N.W.2d at 88.

Although this court has not addressed this situation before, we have sustained the revocation of drivers' licenses where the drivers were exercising far less control than appellant exercised here. *See, e.g., Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705 (Minn.Ct.App.1984) (driver found in physical control of car despite fact that he did not have keys).

 For purposes of Minn.Stat. §§ 169.121 and 169.123, we believe appellant had physical control of the car when he stepped on the accelerator. A drunk passenger who interferes with the safe operation of a motor vehicle by actively tampering with its controls poses no less of a hazard to the public safety than any other drunk driver. Appellant's act of stepping on the accelerator constituted physical control; he cannot escape responsibility for his actions by claiming he only had partial control or shared control with the driver.

## DECISION

Appellant did not have the right to consult with an attorney before deciding whether to submit to testing. The trial court's failure to file its decision within 14 days did not invalidate its decision sustaining the revocation of appellant's license. Appellant assumed physical control of the car by stepping on the accelerator.

Affirmed.

WOZNIAK, J., dissents.

WOZNIAK, Judge (dissenting).

I respectfully dissent. Less than two months ago, this court held in *West Bend Mutual Insurance Co. v. Milwaukee Mutual Insurance Co.*, 372 N.W.2d 438 (Minn. Ct.App.1985), that a passenger's act of grabbing the steering wheel of a moving car, causing the car to swerve out of control and go off the road, was not "operation" of the vehicle within the context of an exclusionary clause in a homeowner's insurance policy. Today, the majority holds that a passenger's act of pushing down on the driver's foot on the accelerator, causing the car to lurch forward, constitutes "physical control" for purposes of the implied consent statute, Minn.Stat. § 169.123, subd. 2 (1984).

I submit that these two cases cannot be reconciled. The majority attempts to distinguish *West Bend* on the ground that exclusionary clauses in insurance policies are to be interpreted narrowly against the insurer, whereas the implied consent laws are to be interpreted liberally in favor of the public interest. This distinction is not without merit and would be helpful in a close case. It is not sufficient, however, to overcome the fundamental logical inconsistency between *West Bend* and today's decision. I note that both cases are civil matters.

It appears that we are to have two lines of caselaw for factual situations like this:

one in the context of insurance and one in the context of implied consent. This kind of inconsistent caselaw is of no assistance to the Minnesota practitioner.

I would not depart from our decision in *West Bend*. What appellant was doing in this case cannot reasonably be construed as being in "physical control" of an automobile. What he was doing was interfering with the driver's control. *See West Bend*, 372 N.W.2d at 441. Had appellant interfered with the driver's control by poking him in the ribs or by spilling hot coffee on him, I doubt that the majority would have reached the same result today. *Cf. State Farm Mutual Automobile Insurance Co. v. White*, 60 Or.App. 666, 655 P.2d 599 (1982) (Gillette, J., concurring) (*rev. denied*, 294 Or. 569, 660 P.2d 683 (1983)).

Most disturbing, however, is that, under the rationale of this case, if the driver had also been charged and refused the test, or had taken the test and registered in excess of .10, both driver and passenger could have their licenses revoked under the implied consent statute, or be charged with D.W.I., based upon physical control of one automobile at the same time. I must reject this logic.