David Arthur WHITMAN,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C2–87–1335.

Court of Appeals of Minnesota.

Dec. 15, 1987.

Steven A. Sicheneder, Jennings, Sicheneder & Anderson, P.A., North Branch, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN, JJ.*

## OPINION

HUSPENI, Judge.

Appellant was arrested for driving, operating, or being in physical control of a motor vehicle while under the influence and his license was revoked for failing the chemical test. He petitioned for judicial review and the trial court sustained the revocation. We remand.

## FACTS

On May 5, 1987, at approximately 8:19 p.m., Deputy Sheriff Jerome Janssen responded to a call from the dispatcher reporting a car in the median on Interstate 35, north of North Branch. He found a vehicle at that location parked on the shoulder, and saw two people in the vicinity. Appellant was walking in the ditch, towards the vehicle, and was approximately 25 to 30 feet away from it when Janssen arrived. Robert Marrone was walking southbound and was one-quarter to one-half a mile away. Another trooper picked up Marrone. The vehicle was running, the doors were closed, and no one was inside. Janssen testified that he asked appellant who owned the car, and appellant said it was his. He asked who was driving; appellant said he was. Appellant explained that he and his friend had been driving

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

down the road, had gotten into an argument, and had stopped the car to air their differences. The parties stipulated that there was probable cause to believe that appellant was under the influence of alcohol.

Janssen arrested appellant for driving while under the influence and read him the implied consent advisory. Appellant agreed to take a breath test. He failed it, and his driver's license was revoked.

Robert Marrone testified that he went to North Branch with appellant to attend appellant's grandson's baseball game. Appellant drove from St. Paul to North Branch, and they stopped at his property before going to the game. Appellant began drinking, and Marrone, who has a driver's permit, said he wanted to drive. Marrone, who does not drink, drove the rest of the evening. He explained that he stopped the car because he and appellant began arguing. He was so mad that he pulled to the side of the road, parked, jumped out and left the car running. He knew appellant would not drive the car because appellant had told him he would not do so.

Appellant testified that he and Marrone arrived at his cabin at 9:00 or 10:00 a.m., and he began consuming alcohol. They left at about 3:00 p.m. Marrone offered to drive and appellant allowed him to do so because he had been drinking; appellant testified that he did not drive after they left the cabin.

According to appellant's testimony, while driving on 35W, he and Marrone had an argument. Marrone pulled over, jumped out of the car and walked away. Appellant sat in the car, and then left the car and went to sit on the fence because he did not know what to do. He considered walking to North Branch to find a friend to get his car. He testified that he would not have driven because he was drunk. He saw the patrol car pull up, and began walking towards it. He told the officer he was the owner of the car. When asked who was driving, he testified he believes he said he was driving earlier but was not driving at the time. He could not clearly remember what he said because he was angry and he

had been drinking. He testified that he never sat on the driver's side of the vehicle.

While appellant raised the issue of whether he was actually driving, operating or in physical control of the motor vehicle, the trial court explicitly stated that it was determining only that the deputy had reasonable cause to believe that appellant either drove or was in physical control of the motor vehicle, and sustained the revocation. Appellant appeals, contending that the trial court erred when it failed to determine whether he actually was driving, operating or in physical control of the motor vehicle.

## ISSUE

Did the trial court err by failing to decide whether appellant was actually driving, operating or in physical control of a motor vehicle?

## ANALYSIS

■ When a driver raises the issue of whether he was actually driving, operating or in physical control of a motor vehicle, the Commissioner of Public Safety must prove by a fair preponderance of the evidence that he was doing so. *Llona v. Commissioner of Public Safety*, 389 N.W. 2d 210, 212 (Minn.Ct.App.1986); *Roberts v. Commissioner of Public Safety*, 371 N.W. 2d 605, 607 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). Appellant argues that the trial court erred because it did not decide whether he was driving, operating, or in physical control of a motor vehicle, but instead found that the officer had reasonable cause to believe that he drove or was in physical control of the motor vehicle. The Commissioner asserts that a determination of whether appellant had in fact driven to that location is not necessary, because it has no bearing on whether appellant was in physical control of the motor vehicle when approached by the officer. He contends the undisputed facts show appellant was in physical control of the vehicle.

■ We believe that a resolution of whether appellant had actually driven is

clearly relevant to whether he was in physical control of the vehicle when the officer approached him. One purpose of the implied consent law is to deter individuals from getting into their vehicles except as passengers. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 320 (Minn.1981). If appellant had in fact been merely a passenger in the vehicle, it would be difficult to find he was in physical control under the facts presented here. The purposes of the implied consent law would not be served by revoking his driver's license in those circumstances.

The issue of whether appellant was actually driving, operating, or in physical control of the vehicle was raised below, and conflicting testimony was presented. Resolution of the issue depends upon an assessment of the credibility of the witnesses. This court is not able to make that assessment. *Trombley v. Commissioner of Public Safety*, 375 N.W.2d 97, 99 (Minn. Ct.App.1985). Consequently, the matter is remanded to the trial court for a determination of these factual issues.

### DECISION

This matter is remanded to the trial court for a determination of the factual issues raised below.

Remanded.