**STATE of Minnesota, Hassan Township, Respondent,**

v.

**Lane Andrew MASLOSKI, Petitioner.**

No. C8–88–1852.

Court of Appeals of Minnesota.

Sept. 27, 1988.

Margaret Charmaine Hepper, Brooklyn Center, for respondent.

Deborah L. Cotton, Babcock, Locher, Neilson & Mannella, Blaine, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Petitioner Masloski is a defendant in a DWI prosecution who seeks discretionary review of a pretrial order denying his motion to dismiss. Masloski's motion raised the issue whether he was in "physical control" of the vehicle.

The state and Masloski stipulated to the facts for purposes of deciding the motion to dismiss. They stipulated Masloski had not been driving before the vehicle reached the ditch, and that the car was immobilized. They also stipulated to the facts in the police report to the extent they were not inconsistent, including Masloski's intoxication. Masloski allegedly failed a preliminary breath test (PBT), but was not given a field sobriety test and refused to submit to an Intoxilyzer test. Except for purposes of the motion, he does not concede he was intoxicated.

The trial court denied the motion to dismiss. Masloski seeks discretionary review on the grounds the legal question is a novel one, that the court's decision stretches the parameters of "physical control" and that immediate review is necessary to avoid the time and expense of trial.

### DECISION

Masloski moved to dismiss claiming the officer did not have probable cause to believe he was in "physical control" of the vehicle, and therefore did not have probable cause to arrest him. His motion, which also sought suppression of evidence, did not specify what evidence the state acquired as a result of the arrest. The record submitted with the petition does not indicate when the arrest is alleged to have occurred. *See generally State v. Herem*, 384 N.W.2d 880, 883 (Minn.1986) (ordinary traffic stop, including asking the driver to sit in the squad car, does not constitute an arrest).

In essence, the parties submitted to the trial court, through their stipulation, the question whether, as a matter of law, Malo-

ski was in "physical control" of the vehicle, as required by Minn.Stat. § 169.121, subd. 1 (1986). They stipulated to the facts relevant to objective probable cause. Indeed, the officer's subjective belief is not relevant to whether probable cause existed. *See Costillo v. Commissioner of Public Safety,* 416 N.W.2d 730, 733 (Minn.1987). Thus, the issue on which discretionary review is sought is not whether evidence should have been excluded but whether "physical control" was shown on the stipulated facts.

The stipulation, at least as it appears from this record, does not bind the parties beyond the dismissal motion itself. Maloski has a right to have the issue of "physical control," an element of the offense, submitted to the jury. *See generally* 10A Minnesota Practice, MJIG, 3.2 (1986); *State v. Duemke,* 352 N.W.2d 427 (Minn. Ct.App.1984) (discussing jury instruction on "physical control"). No waiver of that right appears in the record. *See* Minn.R. Crim.P. 26.01, subd. 1(2) (waiver of jury trial must be in writing or on the record); *cf. State v. Abraham,* 335 N.W.2d 745 (Minn.1983) (defendant presenting entrapment defense to the court waives jury trial on that issue).

 A defendant may claim an interest in avoiding the time and expense of trial by means of expedited appellate review of a pretrial order. *See State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980) (defendant may seek expedited review by stipulating to the facts and appealing from any conviction after trial to the court). However, Masloski may obtain a jury finding on the same issue on which the trial court allegedly erred, i.e. "physical control." A jury trial would not be a wasted effort, even if Maloski had no defense on the issue of intoxication.

Masloski claims the "physical control" issue on the facts of this case is a novel one. The issue, however, has arisen numerous times where the defendant or implied consent petitioner was a passenger in a subsequently immobilized vehicle. *See e.g. Whitman v. Commissioner of Public Safety,* 416 N.W.2d 476 (Minn.Ct.App.

1987). Indeed, petitioner claims the trial court's decision is contrary to a number of decided cases.

Petitioner has not shown a compelling reason for this court to extend discretionary review.

Petition for discretionary review denied.