**Eric Harold HANSEN, Petitioner,
Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C0–91–642.

Court of Appeals of Minnesota.

Dec. 10, 1991.

Donald H. Nichols, Nichols, Kaster & Anderson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Ronald S. Latz, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and CRIPPEN, JJ.

RANDALL, Judge.

Appellant was arrested for driving under the influence of alcohol and his driver's license was revoked pursuant to the implied consent law. The trial court sustained the revocation. We reverse and remand for further fact finding by the trial court.

## FACTS

On July 7, 1990, at approximately 3:05 a.m., two Golden Valley police officers found appellant asleep in the front passenger seat of a parked car which was blocking a residential driveway. The police officers woke appellant by knocking on the window of the car. Appellant was intoxicated, confused, and did not know where he was. He said a friend had driven the car, but claimed he did not know the friend's name or where the friend went. The car was owned by appellant. Keys which could start the vehicle were found on the dash and under the front passenger seat.

Appellant was arrested for driving while under the influence of alcohol and tested over the legal limit of alcohol concentration. His driver's license was revoked pursuant to the implied consent law and he petitioned for judicial review. At the implied consent hearing, appellant testified he had been drinking at a bar. Appellant testified that pursuant to a discussion involving himself, Steve Novack, and his brother, who happened to be the bartender, appellant wanted Novack to drive his car. Novack also took the stand and testified to the same events. Novack stated he drove appellant's car, with appellant as a passenger, to another bar and then to a neighborhood party. Novack testified that appellant was incoherent, needed help getting into the car, and may have passed out. Appellant does not remember being at the party. From that party, with Novack driving and appellant a passenger, they went to another friend's home, Lisa Deurmier. She took the stand and testified that she recalls Novack coming to her house that evening. Lisa's house is a short distance from where appellant's car with appellant sleeping in it was found by the police.

Novack testified that he parked appellant's car, blocking a residential driveway, near Lisa's home. Novack said he tried to wake appellant but appellant did not respond. Novack left appellant in the vehicle and left the keys on the dash. He did not know about the second set of keys.

The trial court upheld the driver's license revocation and this appeal followed.

## ISSUE

Was appellant in physical control of his motor vehicle within the meaning of the implied consent law, Minn.Stat. § 169.123, subd. 2(a) (1990)?

## ANALYSIS

The trial court found the officers had probable cause to arrest appellant for being in physical control of the motor vehicle while under the influence of alcohol under meaning of the implied consent law. *See* Minn.Stat. § 169.123, subd. 2(a) (1990). Appellant does not challenge this finding. The trial court did not make a specific finding appellant was in physical control of the vehicle. The court simply found there were no passengers in the vehicle when the police arrived, and that appellant claimed not to have driven the vehicle. In its memorandum of law, the trial court indicated appellant professed innocence in driving the vehicle and "[a]lthough [appellant] claims otherwise, it strains credibility to hold that, as a matter of law, he did not exercise physical control of his car."

Then, the trial court stated on the record: May I indulge myself for a statement to counsel?

I am curious, if nothing else, as to whether under the law the passenger is subject to being charged with—well, with driving under the influence in the first place and being held to be in physical control, actual or otherwise, of a motor vehicle. I'm curious as to what the state of the law is on the ability of an unconscious person to commit a crime, to do an act, to be held responsible for anything, and in all sincerity, I ask if the state wishes to pursue the answer to those

questions or not. I'm not aware of any case law that's going to help the State on those questions, but I'm not by nature inclined to cut off the State summarily, either. What do you want to do? I will tell you, I think you have got a bad case and it wouldn't take much urging to sign an order saying appeal it, but I don't know if you want to appeal it.

Looking at this comment, it is clear the trial court felt appellant was a passenger, but felt bound by some case law to sustain the revocation. We reverse and remand for a specific determination of whether appellant was only a passenger in the vehicle. Thus, if so, was he ever in physical control of the vehicle within a reasonable interpretation of the meaning of the implied consent law.

 The Commissioner must prove by a fair preponderance of the evidence that the driver was in actual physical control of a motor vehicle when the driver raises the issue. *Whitman v. Commissioner of Pub. Safety*, 416 N.W.2d 476, 477 (Minn.App. 1987). The trial court did not specifically decide the issue of whether appellant was in actual physical control.

 Although the laws against driving while intoxicated are interpreted broadly in the public interest, public policy also encourages people who have been drinking to find another person to drive. *State v. Juncewski*, 308 N.W.2d 316, 319–20 (Minn.1981) (court found driver asleep behind the wheel of a vehicle without engine running to be in physical control).

[T]he real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, *except as passengers.* * * * [T]he "actual physical control" offense is a preventive measure intended to deter the drunken driver. One who has been drinking intoxicating liquor should not be encouraged to test his driving abilities on the highway, even for a short distance, where his life and the lives of others hang in the balance.

*Id.* at 320 (emphasis added) (quoting *State v. Ghylin*, 250 N.W.2d 252, 255 (N.D.1977)).

Whether a person had been driving is relevant to the issue of physical control:

We believe that a resolution of whether appellant had actually driven is clearly relevant to whether he was in physical control of the vehicle when the officer approached him. *One purpose of the implied consent law is to deter individuals from getting into their vehicles except as passengers.* * * * If appellant had in fact been merely a passenger in the vehicle, it would be difficult to find he was in physical control under the facts presented here. The purposes of the implied consent law would not be served by revoking his driver's license in those circumstances.

*Whitman*, 416 N.W.2d at 477–78 (emphasis added) (citation omitted) (two persons found walking near vehicle with engine running; court remanded for determination of who was the actual driver).

As stated in these cases, the intent of the implied consent law is to discourage persons who have been drinking from driving and to encourage them to find a designated driver so they enter vehicles *only* as passengers. If passengers are found to be in physical control merely because of their proximity to the vehicle's controls, *the purpose of a sensible law is defeated.*

The cases cited by the state involve the probable cause prong of this analysis. *See Short v. Commissioner of Pub. Safety*, 422 N.W.2d 40 (Minn.App.1988); *Sens v. Commissioner of Pub. Safety*, 399 N.W.2d 602 (Minn.App.1987); *Butterfield v. Commissioner of Pub. Safety*, 393 N.W.2d 515 (Minn.App.1986); *Ledin v. Commissioner of Pub. Safety*, 393 N.W.2d 433 (Minn.App. 1986). Here the issue is whether appellant, if he is found to be a passenger, was ever in physical control of his car within the meaning of the implied consent law.

If the trial court finds appellant did not sustain his burden of persuasion that he was a passenger, the implied consent ruling should stand. However, if the trial court finds appellant proved that he was a passenger, the court must review the decision to revoke appellant's driver's license in light of *Juncewski* and *Whitman*. These

cases indicate a presumption that bona fide passengers are not in physical control, but are doing what the law encourages them to do, namely find another to drive.

■ The trial court is entitled to make reasonable inferences in determining whether appellant was in fact in physical control of the vehicle. Cases have shown passengers may have physical control, depending on the facts of the situation. *See Ives v. Commissioner of Pub. Safety,* 375 N.W.2d 565, 567–68 (Minn.App.1985) (passenger who reached over to the driver's side of the vehicle to step on the accelerator was in physical control).

## DECISION

The trial court must determine whether appellant was, in fact, just a passenger, and if so, was appellant in physical control of his vehicle within a reasonable interpretation of the implied consent law.

Reversed and remanded.