**In the Matter of the WELFARE OF T.J.B.**

**No. C0-92-439.**

Court of Appeals of Minnesota.

Aug. 4, 1992.

Review Denied Sept. 30, 1992.

William Gatton, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

·Considered and decided by PARKER, P.J., SCHUMACHER and DAVIES, JJ.

## OPINION

PARKER, Judge.

T.J.B., a minor, was charged with driving (operating a motor vehicle) after revocation of his driver's license in violation of Minn. Stat. § 171.24 (1990). The trial court found him guilty and fined him $500, of which $250 was stayed for six months.

On appeal T.J.B. argues that the evidence is insufficient to support a conviction under Minn.Stat. § 171.24 and that the court erred in finding that he was operating a motor vehicle under the statute. We affirm.

## FACTS

Early in the morning of October 9, 1991, Officers Smith and Koats of the Minneapolis Police Department received a call about noise coming from a car parked on West 34th Street in Minneapolis. The police report indicated that T.J.B. was getting out from the driver's seat as the officers approached the vehicle. It indicated that T.J.B. admitted to having been sitting behind the wheel of the car, with the engine running, the radio playing and the parking lights on.

The officers discovered that T.J.B.'s license had been revoked and issued him a citation for driving after revocation of his driver's license.

Upon the evidence of the police report, the Uniform Traffic Citation, and certified records of the highway department, the court, in a bench trial, found him guilty.

## ISSUE

Was the evidence sufficient to convict defendant of "operating" a motor vehicle after revocation of his driver's license in violation of Minn.Stat. § 171.24?

## DISCUSSION

In deciding a claim of insufficient evidence in a criminal case, the reviewing court determines

> whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude the defendant was guilty of the offense charged.

*State v. Bias*, 419 N.W.2d 480, 484 (Minn. 1988). The court must view the evidence "in the light most favorable to the prosecution and assume the jury believed the state's witnesses and disbelieved any contrary evidence." *Id.* Before sustaining the verdict, the court

> must conclude that the jury, acting with due regard for the presumption of innocence and the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably have found the defendant was proven guilty of the offense charged.

*State v. Race*, 383 N.W.2d 656, 662 (Minn. 1986).

When reviewing questions of law, this court need not accord deference to the trial court's determination. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977). Where the lower court applied statutory language to the facts of a case, its conclusion is a matter of law and does not bind this court. *Nhep v. Roisen*, 446 N.W.2d 425, 426 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 1, 1989).

■ T.J.B. argues that the evidence at trial was insufficient to convict him of operating a motor vehicle after revocation of his license under Minn.Stat. § 171.24. The parties dispute the meaning of the word "operate" under that section and whether T.J.B.'s conduct constituted "operation" of a motor vehicle.

The legislature has proscribed a hierarchy of actions in the revocation statute and in the statute prohibiting driving under the influence of alcohol. Minn.Stat. § 171.24(a) (1990) provides, in relevant part:

> Any person whose driver's license or driving privilege has been canceled, suspended, or revoked and who has been given notice of, or reasonably should know of the revocation, suspension, or cancellation, and who disobeys such order by *operating* anywhere in this state *any motor vehicle*, the operation of which requires a driver's license, while such license or privilege is canceled, suspended, or revoked is guilty of a misdemeanor.

(Emphasis added.) In addition, Minn.Stat. § 169.121, subd. 1 (1990), prohibits any person to "drive, operate, or be in physical control" of a motor vehicle while under the influence of alcohol.

The legislature appears to have set forth the proscribed actions in descending order of the active participation required of the driver. "To drive" therefore would require the most direct personal participation in piloting the vehicle, "to operate" would require something less, and "to be in physical control" would require the least. The latter minimum test has been applied in several appellate decisions.

The appellate courts in this state have not yet interpreted the word "operate" in sections 171.24 or 169.121, subd. 1. Courts in other jurisdictions, however, have interpreted "operate" under driving-after-revocation statutes similar to our section 171.24. These courts have held that "operating" a motor vehicle encompasses the type of conduct at issue in this case—sitting behind the wheel with the engine running and the lights on. *See, e.g., United States v. Weston*, 466 F.2d 435, 439 n. 24 (D.C.Cir. 1972) ("one 'operates' a vehicle * * * even when the vehicle is merely standing in a public street if he possesses the physical power to regulate its movement"); *State v. Townsend*, 6 Conn.Cir. 639, 294 A.2d 650, 652 (1972) (a person "operates" a motor vehicle under the statute prohibiting operation of a motor vehicle after the suspension of the driver's license when " 'he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle' ") (quoting *State v. Swift*, 125 Conn. 399, 6 A.2d 359, 361 (1939)); *Metheny v. State*, 197 Ga.App. 882, 400 S.E.2d 25, 29–30 (1990) (" 'one who is

'sitting under the steering wheel of a car located on a public highway with the motor running, who is in physical control of the vehicle, and who engages the lights of the vehicle, is operating the vehicle' ") (quoting *Flournoy v. State*, 106 Ga.App. 756, 128 S.E.2d 528, 530 (1962)).

The police report indicated that the officers observed T.J.B. exiting the vehicle through the driver's side door and that he admitted to having sat behind the wheel with the engine running and the lights on. The report did not indicate that anyone else had been present in the vehicle. From this evidence, the trial court could draw the inference that T.J.B. had started the engine and had turned the lights on. The evidence therefore justifies the trial court's conclusion that he "operated" the vehicle.

We emphasize that we do not decide this case on the "physical control" standard set forth in Minn.Stat. § 169.121, because the legislature did not include that standard in section 171.24. If the legislature intended the "physical control" standard to apply to the revocation statute, it has the authority to amend the section accordingly.

### DECISION

The evidence was sufficient for the trial court to conclude that the defendant had operated a motor vehicle after revocation of his driver's license.

Affirmed.