**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0575**

State of Minnesota,
Respondent,

vs.

Tchad Tu Henderson,
Appellant.

**Filed January 30, 2017**
**Affirmed in part, reversed in part, and remanded**
**Kirk, Judge**

Anoka County District Court
File No. 02-CR-14-4578

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Douglas V. Hazelton, Halberg Criminal Defense, Bloomington, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Halbrooks, Judge; and Kirk, Judge.

**S Y L L A B U S**

The manipulation of the steering wheel of a moving motor vehicle by a passenger constitutes "operation" of a motor vehicle under Minn. Stat. § 609.21 (2012).

**O P I N I O N**

**KIRK**, Judge

Appellant Tchad Tu Henderson appeals his criminal vehicular operation (CVO) convictions. He argues that: (1) the district court erred when it denied his motion to

dismiss the complaint for lack of probable cause; (2) there was insufficient evidence presented at trial to support the district court's finding that he operated the motor vehicle; and (3) the district court committed plain error when it convicted him of CVO as charged in count 1 of the complaint. Appellant asks this court to reverse his convictions and dismiss the charges against him. Since appellant was tried and convicted, his probable cause challenge is not relevant on appeal. *See State v. Holmberg*, 527 N.W.2d 100, 103 (Minn. App. 1995), *review denied* (Minn. Mar. 21, 1995). Because we conclude that there was sufficient evidence presented at trial to support the court's finding that appellant operated the motor vehicle, we affirm. However, the district court erred when it entered a conviction on count 1 of the complaint, and we reverse entry of that conviction and remand to the court to amend the warrant of commitment and to determine if resentencing is necessary.

**FACTS**

On July 22, 2014, appellant was charged with one count of CVO causing great bodily harm due to grossly negligent conduct, in violation of Minn. Stat. § 609.21, subd. 1(1) (2012), and three counts of CVO causing great bodily harm as a result of operating a motor vehicle in a negligent manner while under the influence of alcohol negligent/alcohol, in violation of Minn. Stat. § 609.21, subd. 1(2)(i) (2012). Appellant moved to dismiss the charges, arguing that the state failed to establish probable cause that he operated the motor vehicle. Following a contested hearing, the district court concluded that there was sufficient probable cause to support the charges and denied appellant's motion.

The district court held a one-day court trial on November 18, 2015. Appellant stipulated that the injuries B.H., B.F., and A.S. sustained in the crash constituted great

2

bodily harm, that the crash occurred on July 20, 2014 in Anoka County, and that he was under the influence of alcohol at the time of the crash. The district court considered the following evidence on the remaining contested element of whether appellant operated the vehicle:

B.H. testified that she went to a bar with B.F. to meet appellant and A.S. B.H. did not consume alcohol that night, but the others did. At the bar, appellant appeared to be drunk. He was slurring his words, tripping over his own feet, and he did not seem very coherent. When the bar closed, the group decided that B.H. would drive them to appellant's friend's house because she was sober. B.H. did not have a valid driver's license. Appellant was the front-seat passenger and began arguing with B.H. over the directions to his friend's residence.

B.H. testified that she pulled over at a gas station, verified appellant's friend's address, and started the navigation system on appellant's cellphone. Before pulling out of the gas station, B.H. instructed everyone to put on their seatbelts, which made appellant angry and argumentative, but he complied.

After B.H. pulled out of the gas station, the arguing subsided, but then appellant told B.H. that she missed a turn, and he "took the steering wheel and yanked it towards" himself. This caused B.H. to lose control of the vehicle and it crashed, landing upside down. B.H. testified that when appellant pulled the steering wheel she had both hands on the wheel but could not resist because of the force he used.

3

Officer Adam Jacobson of the Coon Rapids Police Department testified that after the crash, B.H. provided a preliminary breath test sample in an ambulance on scene, and that the results indicated that she did not have any alcohol in her system.

Officer William Hammes of the Coon Rapids Police Department testified that he identified appellant at the scene of the crash. At that time, appellant told Officer Hammes that he could not remember what happened. Officer Hammes also identified B.H. and spoke to her in the ambulance. B.H. relayed the same version of events that she testified to at trial.

Officer Hammes testified that he went to the hospital to obtain a statement from appellant. Appellant told Officer Hammes that "out of nowhere they crashed" and that after the crash B.H. yelled at him about grabbing the steering wheel. Appellant said that he could not remember if he grabbed the steering wheel. After appellant was released from the hospital, he was transported to the Anoka County Jail and during the drive to the jail he began insisting to Officer Hammes that he did not grab the steering wheel.

Appellant initially testified that he was not arguing with B.H. after they left the bar, but then he testified that they were arguing, but it was not serious. Appellant testified that he wanted B.H. to pull over so they could figure out how to get to his friend's house. Appellant then described the accident, testifying that he was still arguing with B.H., who was distracted and missing turns. Then, just before the crash, appellant saw the telephone pole and wire and said, "look out," because he believed the vehicle was going to hit the pole.

Appellant denied touching the steering wheel and claimed that B.H.'s version of the accident was a lie. Appellant testified that he was drinking alcohol before the accident and that he believed his alcohol concentration was a 0.15 or 0.16. He also confirmed that right after the crash, he told law enforcement that he could not remember what had happened, and that at the hospital he told law enforcement that he could not remember grabbing the steering wheel.

The district court found appellant guilty of all four counts of CVO, entered convictions on all four counts, and sentenced appellant on counts 2-4.

This appeal follows.

## ISSUES

I.      Was there sufficient evidence presented at trial to support the district court's finding that appellant operated the motor vehicle?

II.     Did the district court commit plain error when it convicted appellant of CVO as charged in count 1 of the complaint?

## ANALYSIS

**I.     There was sufficient evidence presented at trial to support the district court's finding that appellant operated the motor vehicle.**

When a sufficiency-of-the-evidence claim involves a question of whether the defendant's conduct meets the statutory definition of an offense, an appellate court is presented with a question of statutory interpretation that is reviewed de novo. *See State v. Hayes*, 826 N.W.2d 799, 803 (Minn. 2013). When interpreting a statute, we give its words and phrases their plain and ordinary meaning. *State v. Peck*, 773 N.W.2d 768, 772 (Minn.

5

2009). The threshold issue in a statutory-interpretation analysis is whether the statute's language is ambiguous. *Id.* In considering a claim of insufficient evidence, this court's review is limited to a thorough analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow the jurors to reach the verdict that they did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). This is especially true when resolution of the matter depends mainly on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980).

"[Appellate courts] use the same standard of review in bench trials and in jury trials in evaluating the sufficiency of the evidence." *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011). The reviewing court will not disturb the verdict if the factfinder, acting with due regard for the presumption of innocence and for the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Appellant was charged with four counts of CVO under Minn. Stat. § 609.21, subds. 1(1) ("A person is guilty of criminal vehicular . . . operation . . . if the person causes injury to . . . another as a result of operating a motor vehicle . . . in a grossly negligent manner[.]"), 1(2)(i) ("A person is guilty of criminal vehicular . . . operation . . . if the person causes injury to . . . another as a result of operating a motor vehicle . . . in a negligent manner while under the influence of . . . alcohol."). Minn. Stat. § 609.21 (2012) does not contain a definition of "operation." These subdivisions have been renumbered and their language

6

has been modified since appellant was charged and convicted, but the new statutory language did not add a definition of operate. *See* Minn. Stat. § 609.2113, subds. 1(1),[1] 1(2)(i) (2014).[2]

Appellant argues that there was insufficient evidence presented at trial that he operated the vehicle. Appellant argues that, even if he grabbed the steering wheel, he was only in physical control of the vehicle and was not operating it, which is insufficient to support a CVO conviction. Appellant argues that this court should use the definition of "operate" provided in CRIMJIG 29.02 (driving while under the influence of alcohol (DWI)), which provides that "[a] person 'operates' a motor vehicle when the person manipulates or activates any of the controls of a motor vehicle necessary to put the vehicle into motion." 10A *Minnesota Practice*, CRIMJIG 29.02 (2016). Appellant asserts that, under this definition, his conduct cannot be considered to be operating a motor vehicle because moving the steering wheel of a vehicle is necessary to *keep* a vehicle in motion, but is not necessary to *put* a vehicle into motion.

Relying on *West Bend Mutual Insurance Company v. Milwaukee Mutual Insurance Company*, appellant further argues that operation of a motor vehicle under Minn. Stat. § 609.21 requires a person to control both the vehicle's steering wheel and its pedals. 384 N.W.2d 877, 879 (Minn. 1986). Accordingly, because B.H. did not "invite" him to control

---

[1] "A person is guilty of [CVO] resulting in great bodily harm . . . if the person causes great bodily harm to another not constituting attempted murder or assault as a result of operating a motor vehicle . . . in a grossly negligent manner."
[2] "A person is guilty of [CVO] resulting in great bodily harm . . . if the person causes great bodily harm to another not constituting attempted murder or assault as a result of operating a motor vehicle . . . in a negligent manner while under the influence of . . . alcohol."

the steering wheel while she drove, he only interfered with her operation of the vehicle, but did not operate the vehicle himself. *See West Bend*, 384 N.W.2d at 880 ("Ordinarily, however, a vehicle has only one operator, and, unless a passenger is invited to share in that operation, or circumstances create a plausible justification for the passenger's assisting in the vehicle's operation, the vehicle is not considered to be operated by the passenger."). Appellant asks this court to vacate his CVO convictions.

The state argues that appellant operated the vehicle when he asserted influence over the steering wheel because "[m]oving the steering wheel is necessary to make a vehicle function and propel forward or backward in a legal or organized manner." Further, the state asserts that appellant's physical-control argument is misplaced because physical-control cases typically involve vehicles that are not in motion at the time of the offense but can be easily moved. *See*, *e.g.*, *State v. Woodward*, 408 N.W.2d 927, 928 (Minn. App. 1987) (finding that evidence that appellant was standing outside a vehicle with the engine running and a flat tire was sufficient to prove physical control). The state asserts that the district court properly concluded that appellant's behavior constituted operation of the motor vehicle.

The state further argues that appellant's conduct fits the plain meaning of "operation" under Minn. Stat. § 609.21 and notes that appellant's reliance on *West Bend* is misplaced because the case does not apply to DWI cases. As this court recognized in *Ives v. Commissioner of Public Safety*, "[w]e do not consider that *West Bend* controls our decision in this case. Exclusionary clauses in insurance policies are interpreted narrowly against an insurer. In contrast, the laws prohibiting a person from driving while intoxicated

8

are given the broadest possible effect and liberally interpreted in favor of the public interest." 375 N.W.2d 565, 567 (Minn. App. 1985) (citations omitted). We find the state's argument to be persuasive that the plain meaning of operation should be applied to CVO crimes.

Like the *Ives* court found in the DWI context, we find that *West Bend* too narrowly construes "operate" to apply its definition to a CVO case. Although *West Bend* involved a situation where the front-seat passenger grabbed the steering wheel and caused the vehicle to crash, the *West Bend* court only determined the meaning of "operate" for the purpose of establishing insurance coverage, not for the purpose of establishing criminal liability. *West Bend*, 384 N.W.2d at 879. Furthermore, the *West Bend* court did not conclude that a front-seat passenger's interference with a vehicle's steering wheel can never constitute operation of a vehicle. *See id.* at 880 ("If the driver asks his passenger to assist or share in the operation of the vehicle, as, say, by steering the moving automobile . . . perhaps it might be said that the driver and the passenger are both 'operating' the automobile.").

There is no definition of "operation" of a motor vehicle in either the CVO or DWI statutes. *See* Minn. Stat. § 609.21; Minn. Stat. §§ 169A.01-.78 (2012). And although CRIMJIG 29.02 defines "operation" as pertains to DWI offenses, CRIMJIG 11.68 does not define "operation" as pertains to CVO offenses. 10 *Minnesota Practice*, CRIMJIG 11.68 (2016) (defining the elements of CVO resulting in great bodily harm). Additionally, DWI is a traffic offense criminalized in chapter 169A, while CVO is a chapter 609 offense. CVO is codified under the heading, "Homicide; Bodily Harm; Suicide," a category significantly

9

different than "Driving While Impaired." *Compare* Minn. Stat. §§ 609.18-.22 (2012), *with* ch. 169A.

In defining operation in a criminal context, this court noted in *In the Matter of the Welfare of T.J.B.* that "'[t]o drive . . . require[s] the most direct personal participation in piloting the vehicle, 'to operate' would require something less, and 'to be in physical control' would require the least." 488 N.W.2d 1, 2 (Minn. App. 1992), *review denied* (Minn. Sept. 30, 1992). This court concluded in *T.J.B.* that a defendant sitting behind the steering wheel and starting the engine of a motor vehicle, and turning on the lights was sufficient to establish operation of a motor vehicle. 488 N.W.2d at 3.

This court also concluded in *Ives* that a passenger exerts physical control over a motor vehicle when he steps on the accelerator while another person is driving the vehicle. 375 N.W.2d at 567. But importantly, the *Ives* court was not asked to determine whether interfering with the accelerator of a moving vehicle was sufficient to establish operation of the motor vehicle, it was only asked to determine whether it established physical control. The *Ives* decision does not hold that interfering with a moving vehicle's accelerator is insufficient to meet the definition of "operate." Neither of these cases preclude the conclusion that, even in a DWI case, manipulation of the steering wheel of a moving vehicle could constitute operation. Further, they do not compel the conclusion that such conduct could not constitute operation of a vehicle in a CVO case.

Although there is no caselaw or statutory authority directly defining "operation" of a motor vehicle under the CVO statute, we conclude that the district court did not err when it determined that appellant's conduct was more than physical control and that it was

10

sufficient to show that appellant was operating the vehicle as required under Minn. Stat. § 609.21. *See Ives*, 375 N.W.2d at 567 ("A drunk passenger who interferes with the safe operation of a motor vehicle by actively tampering with its controls poses no less of a hazard to the public safety than any other drunk driver."). We agree that the manipulation of the steering wheel of a moving motor vehicle by a passenger constitutes "operation" of a motor vehicle under Minn. Stat. § 609.21. This conclusion is supported by the policy of giving impaired driving laws the broadest possible effect in favor of public safety, the plain meaning of the word "operate," and the fact that the vehicle was not stationary when appellant manipulated the steering wheel.

We also conclude that appellant's sufficiency-of-the-evidence challenge fails under this definition. B.H. testified at trial that she was sober at the time of the accident and that appellant caused the accident by grabbing the steering wheel and jerking it toward him. B.H.'s version of events remained consistent from immediately after the accident through trial. In contrast, appellant's version of events changed over time. Accordingly, viewing the evidence in the light most favorable to the conviction, and assuming the district court believed B.H.'s testimony and disbelieved appellant's conflicting testimony, there was sufficient evidence presented to the district court to conclude beyond a reasonable doubt that appellant manipulated the moving vehicle's steering wheel.

## II. The district court erred when it entered a conviction on count 1 of the complaint.

Appellant asserts, without citing to any legal authority, that it was plain error for the district court to convict him of all four counts of CVO because there were only three

persons other than appellant injured in the accident, and it is improper for him to be convicted for injuring himself. The state argues that appellant forfeited this argument on appeal because he failed to provide sufficient legal argument. *See State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002); *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997); *see also State v. Beaulieu*, 859 N.W.2d 275, 278-79 (Minn. 2015). But appellant cannot have forfeited this issue. *See Spann v. State*, 740 N.W.2d 570, 573 (Minn. 2007).

According to the record, count 1, CVO causing great bodily harm due to gross negligence, was intended to be a catchall for either one or all three of the victims because it did not require the state to prove that appellant was under the influence of alcohol as required in counts 2-4.

We conclude that it was error for the district court to enter conviction on count 1.[3] Minn. Stat. § 609.04 (2012) "bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985). "When the defendant is convicted on more than one charge for the same act the court is to adjudicate formally and impose sentence on one count only." *Spann*, 740 N.W.2d at 573 (alteration omitted) (quotation omitted). In this case, the district court entered three convictions, one for each victim, under Minn. Stat. § 609.21, subd. 1(2)(i), and also entered an additional conviction, intended to be a catchall, under Minn. Stat. § 609.21, subd. 1(1). Entering the conviction for count 1 (the catchall)

---

[3] The record does not contain a transcript of the sentencing hearing, but the warrant of commitment indicates that convictions were entered on all four counts of the complaint.

was error because it was a second conviction under a different section of a criminal statute for crimes committed during a single behavioral incident. *See Jackson*, 363 N.W.2d at 760. This court "may vacate or modify a sentence on many grounds, including that the sentence is unreasonable or inappropriate, or that such a result is in the interest of fairness and uniformity." *State v. Bertsch*, 707 N.W.2d 660, 667 (Minn. 2006) (citations and quotation omitted); *see also* Minn. Stat. § 244.11, subd. 2(b) (2016); Minn. R. Civ. App. P. 103.04 ("On appeal from or review of an order the appellate courts may review . . . any other matter as the interest of justice may require."). We reverse the entry of conviction on count 1 and remand to the district court to amend the warrant of commitment, and to resentence, if necessary. *See State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984) (holding that, although a defendant may be "convicted on more than one charge for the same act," the district court must only "adjudicate formally and impose sentence on one count").

## D E C I S I O N

Because the district court did not err in finding that appellant's conduct constituted operation of a motor vehicle under Minn. Stat. § 609.21 and there was sufficient evidence presented at trial to support appellant's four CVO convictions, we affirm them. But because count 1, CVO causing great bodily harm due to grossly negligent conduct, arose out of the same behavioral incident and is related to the same victims as appellant's other CVO convictions, we reverse the entrance of conviction on count 1, remand to the district court to amend the warrant of commitment, and to determine if resentencing is necessary.

**Affirmed in part, reversed in part, and remanded.**